PER CURIAM:
 

 Seventh Avenue (Far East) Ltd. appeals from the endorsement and order of the United States District Court for the Southern District of New York, Robert L. Carter, J., dated November 10, 1980, which affirmed two orders of Edward J. Ryan, Bankruptcy Judge: one, dated August 19, 1980, confirming the arrangement of the debtor, Kreisler Group, Inc., appellee in this action, and the other, dated August 6, 1980, expunging Seventh Avenue’s claim against Kreisler. Seventh Avenue’s claim arose from a debt owed to Seventh Avenue by Malcolm Starr, Inc., a wholly-owned subsidiary of Kreisler, which debt was acknowledged and compromised by Malcolm Starr and Seventh Avenue in a settlement agreement in November 1977. Malcolm Starr later defaulted on the repayment of that debt, and was dissolved in 1979, apparently without any assets. When Kreisler filed for an arrangement with its creditors in 1979, Seventh Avenue attempted to have the debt owed by Malcolm Starr recognized as a claim against Kreisler. But Judge Ryan carefully examined the doctrine of piercing the corporate veil in his 40-page August 6, 1980 opinion, and concluded that the facts of the present case did not warrant holding Kreisler responsible for the debt of Malcolm Starr. Having expunged Seventh Avenue’s claim, Judge Ryan confirmed the plan of arrangement, accepted by Kreisler’s recognized creditors, in his August 19, 1980 order.
 

 Seventh Avenue argues that Judge Ryan erred in expunging its claim, asserting repeatedly that Judge Ryan made a “serious mistake of fact apparent on its face,” which Seventh Avenue urges this court to recognize and correct. The alleged mistake con-cems the transfer of Malcolm Starr’s principal asset, its McMullen Division, to Kreisler in June 1977. Seventh Avenue asserts that Judge Ryan erroneously believed this transfer to have occurred after the settlement agreement instead of five months before it. We have reviewed Judge Ryan’s lengthy opinion, and find no persuasive evidence that he held any such erroneous belief. Judge Ryan reached his conclusion that Seventh Avenue’s claim should be expunged after a full-dress adversary hearing conducted on the very point at issue on appeal, and after Seventh Avenue had an opportunity to cross-examine the principal officers of Kreisler and Malcolm Starr at length. On this record, we cannot conclude that Judge Ryan erred in his decision to expunge the Seventh Avenue claim against Kreisler.
 

 Seventh Avenue also argues that Judge Ryan committed reversible error in confirming Kreisler’s plan of arrangement without requiring a deposit to cover Seventh Avenue’s disputed claim. This argument is without merit. If a claim is disallowed before the confirmation of a plan of arrangement, then that claimant does not participate in the distribution occurring at the time of confirmation. 9 Collier on Bankruptcy ¶ 9.30[7] at 393 (14th ed. 1978). The purpose of the pre-confirmation deposit is to ensure that the “consideration” intended for distribution at the time of confirmation is in fact available for distribution. 8 id. ¶ 5.32[4] at 652. Thus, it is not necessary to make any pre-confirmation deposit to cover a claim that has been disallowed before confirmation. See id. ¶ 5.32[6.1] at 655. Seventh Avenue cites 8 id. ¶ 5.32[6.2] at 656 in support of its contention that a deposit must be made for “disputed claimants.” But the text there cited applies only to claims that have “not been allowed or disallowed at the date of confirmation.” That is not the case here, because Seventh Avenue’s claim had already been disallowed before confirmation. In sum, Seventh Avenue’s argument on this point is not persuasive.
 

 
 *88
 
 Seventh Avenue also attacks Judge Ryan’s determinations that the plan of arrangement was feasible and in the best interests of the creditors. We think that with respect to these and Seventh Avenue’s other objections to the confirmation of the plan of arrangement, Seventh Avenue now has no standing to object, in view of the valid determination that it is not a creditor. See 9 id. ¶ 9.21[2], ¶ 11.02[1]; In re Downtown Wet Wash Laundry, Inc., 53 F.2d 133 (S.D.N.Y.1931).
 

 The order of Judge Carter affirming Judge Ryan’s expungement of Seventh Avenue’s claim and confirmation of the plan of arrangement is affirmed.