**In re PRODUCE HAWAII, INC., Debtor.**

**Bankruptcy No. 82–00570.**

United States Bankruptcy Court,
D. Hawaii.

July 19, 1984.

On Motion For Reconsideration
Aug. 28, 1984.

Steven K.S. Chung, Honolulu, Hawaii, for debtor.

Roy Y. Yempuku, James A. Wagner, Honolulu, Hawaii, for Armstrong.

James N. Duca, Emma S. Matsunaga, Honolulu, Hawaii, for Tai-Hing.

### REPORT AND RECOMMENDATION THAT THE MOTION FOR RECONSIDERATION BE GRANTED

JON J. CHINEN, Bankruptcy Judge.

On April 20, 1984, an Order Confirming Plan of Reorganization was entered herein, after hearing before the Bankruptcy Court on March 26, 1984 on confirmation of a plan of reorganization proposed by Armstrong Produce, Ltd. During said hearing, objection to the proposed plan was raised by Tai Hing Co., Inc., but was rejected by the Court after a ruling that Tai Hing Co., Inc., not being a creditor, lacked standing to raise an objection. The only evidence presented at said hearing concerned the question of the ownership of the claim of Conrad Enterprises, Inc., which was claimed by both Armstrong Produce, Ltd., and Tai Hing Co., Inc. Although votes cast in favor of the proposed plan represented approximately $698,597.63, approximately $200,000 of creditors' claims were not voted.

On May 2, 1984, Tai Hing Co., Inc. and Tai Lee, a creditor holding a claim for approximately $200.00, filed herein a Motion for Reconsideration of Order Confirming Plan of Reorganization, on the following grounds:

a. The Court failed to discharge its independent duty to take evidence and to determine whether each holder of a claim "will receive or retain under the plan ... property of a value ... that is not less than the amount that such holder would so re-

ceive or retain if the Debtor were liquidated under Chapter 7" (the best interests test) as required by 11 U.S.C. 1129(a)(7);

b. On its face, the plan fails to comply with the disclosure requirements of 11 U.S.C. 1129(a)(5)(B);

c. The Court failed to receive evidence on the issue whether confirmation of the plan is likely to be followed by the liquidation of the Debtor or the need for its further financial reorganization, as required by 11 U.S.C. § 1129(a)(11).

A Memorandum of Law in Opposition to Motion for Reconsideration was filed herein on May 18, 1984, by counsel for Armstrong Produce, Ltd., proponent of the proposed plan, requesting denial of the motion to reconsider on the following grounds:

a. Tai Hing Co., Inc., lacks standing to bring this motion.

b. Tai Lee waived his right to object or move for reconsideration by failing to enter an objection at the hearing on confirmation.

c. The Plan makes all disclosures required by law.

d. The Plan is in the best interest of the creditors.

Also on May 18, 1984, counsel for the debtor-in-possession filed a Response to the Motion for Reconsideration, wherein it is argued that the offer which Tai Hing Co., Inc. had presented to the debtor before confirmation of the plan had been analyzed and found unacceptable.

Having reviewed the various memoranda filed regarding the Motion for Reconsideration and being fully apprised of the record herein, the Special Master finds as follows:

■ a. Tai Hing Co., Inc., lacks standing to bring the instant motion for reconsideration. The Bankruptcy Court so ruled on March 26, 1984, and no appeal or request for reconsideration has been filed regarding this ruling. Thus it having once ruled that Tai Hing Co., Inc., lacks standing to object to confirmation of the plan, it follows that unless that ruling is challenged, Tai Hing Co., Inc., also lacks stand-

ing to request reconsideration of the order confirming the plan.

■ 2. Tai Lee, although admittedly holding a claim of inconsequence in respect to the total claims in this proceeding, has standing to raise the instant objections to the Confirmation of the Plan. Tai Lee and all other creditors whose interests are likewise too small to justify hiring counsel and presenting argument at the various proceedings, is afforded protection pursuant to 11 U.S.C. 1129(a)(7), which requires that the Court, even in the absence of objection, determine, based on evidence presented, that the "best interest test" is met, i.e. that all creditors will fare better under the proposed plan than if the debtor were to convert to a liquidation proceeding. Armstrong argues that Tai Lee waived his right to object by not doing so at the confirmation hearing, arguing that *In re AOV Industries*, 31 B.R. 1005 (D.D.C.1983), holds that failure to present opposing evidence at the confirmation hearing estops the creditor from later challenging the confirmation. The preferable interpretation of the *AOV* case is that the creditor was estopped from later objecting because he did not present counter-evidence to that presented at the confirmation hearing.

In the instant case, no evidence was presented to the Court as to whether the "best interests test" was met. Since this test is for the protection of Tai Lee and other creditors who did not vote affirmatively for the plan, Tai Lee and these other creditors have standing to raise this objection.

■ 3. Pursuant to 11 U.S.C. 1129(a), the Court *shall* confirm a proposed plan of reorganization *only* if all the requirements of § 1129 are met. Tai Lee claims that three of these requirements were not met, namely § 1129(a)(5)(B), 1129(a)(7), and 1129(a)(11), as discussed previously. Upon review, it is acknowledged that, since evidence was not taken at the confirmation hearing, the requirements of 1129(a)(7) and 1129(a)(11) were not met, in that no independent factual determination was made as to whether the plan in question satisfied

the "best interests test" or whether there was any likelihood of subsequent liquidation. In addition, although the disclosure statement had been approved by the Bankruptcy Court as properly disclosing information sufficient to enable creditors to evaluate and vote on the proposed Plan of Reorganization, review of the plan itself reveals lack of compliance with 1129(a)(5), which requires disclosure "of any insider that will be employed or retained by the reorganized debtor, and the nature of any compensation for such insider." Not only is this requirement mandated by statute, it is highly important in the instant situation, where the proposed plan is presented by a creditor owned and controlled by relatives and insiders of debtor.

Based on the foregoing, IT IS HEREBY RECOMMENDED that the Motion for Reconsideration be granted and that lacking objections within ten (10) days of notice of this recommendation, confirmation of the Plan of Reorganization proposed by Armstrong Produce Co., Inc. be rescheduled for hearing before the undersigned.

## ON MOTION FOR RECONSIDERATION

On April 20, 1984, an Order Confirming Plan of Reorganization was entered herein, after hearing before the Bankruptcy Court on March 26, 1984, on confirmation of a plan of reorganization proposed, not be debtor, but by creditor Armstrong Produce, Ltd. On May 2, 1984, Tai Hing Co., Inc. and Tai Lee, a creditor, filed herein a Motion for Reconsideration of the Order Confirming Plan of Reorganization.

Due to circumstances beyond the control of the Court, the decision of this Court to grant the Motion for Reconsideration had to be entered in the form of a Report and Recommendation to the District Court, which procedure allowed parties ten days to file written objections before an Order implementing the Report and Recommendation could be entered by the District Court. The Report and Recommendation was entered on July 20, 1984. Armstrong Produce, Ltd., filed a written objection to the Report and Recommendation on August 2, 1984.

The apparent jurisdictional problems having been alleviated, the matter has once again been referred to this Court for resolution. Having reviewed the record herein, including the memoranda filed in support of and in opposition to the Motion for Reconsideration and the Objection filed by Armstrong Produce, Ltd., this Court finds that the objections raised by Armstrong Produce, Ltd., are not convincing.

First, Armstrong Produce, Ltd., argues, based on Rule 3020(b) that an evidentiary hearing is not required for the Court to determine whether the § 1129(7)(B) "best interests test" is sustained. Rule 3020(b), however, merely states that the court may find, without receiving evidence, "that the plan has been proposed in good faith and not by any means forbidden by law." The determination of good faith in proposing a plan may be made lacking objection, without introduction of evidence. However, this determination differs from the required 1129(7)(B) determination which, as discussed in the Report and Recommendation, this Court finds must be based on evidence and not summarily approved lacking objection. This conclusion is not, as Armstrong argues, based on an "erroneous" assumption that counsel is required to protect all interests, but upon the Code requirement that the *Court* protect interests of creditors not having voted or objected by reviewing evidence to insure that the independent standards for confirmation laid out in 11 U.S.C. 1129 are sustained.

Armstrong also argues that the distinction this Court made regarding *In re AOV Industries*, 31 B.R. 1005 (D.D.C.1983), is a "distinction without a difference", to which this Court disagrees. The bottom line is that the Court in *AOV* heard evidence and then ruled, which this Court now finds it also must do.

Armstrong further argues that this Court should find that the requirements of 11 U.S.C. 1129 are not mandatory but are flexibly related to the nature of the plan proposed. No qualifications or contingen-

cies relating to the type of plan proposed are stated in § 1129 and this Court declines to find such flexibility by holding that some plans, by the nature of the plan, are beyond the requirements of § 1129.

Based on the foregoing and on the findings and conclusions stated in the Report and Recommendation,

IT IS HEREBY ORDERED that the Motion for Reconsideration is granted and that confirmation of the Plan of Reorganization proposed by Armstrong Produce Co., Ltd., be rescheduled for hearing before the undersigned.