In re **BUTLER CONSUMER DISCOUNT COMPANY,** Appellant,

v.

James H. **CAIN,** Jr. and Thelma A. **Cain,** his wife, **Appellees.**

Civ. A. No. 83–1000.
Bankruptcy No. 80–1813.
Adv. No. 82–2507.

United States District Court, W.D. Pennsylvania.

July 11, 1985.

Peter H. Shaffer, Butler, Pa., for appellees.

John P. Vetica, Jr., Pittsburgh, Pa., for appellant.

## OPINION

GERALD J. WEBER, District Judge.

This is an appeal from the memorandum opinion of February 17, 1983 issued by Bankruptcy Judge Cosetti which granted the debtor's complaint seeking to enforce discharge, and which cancelled a judgment obtained by the creditor and avoided execution thereon.

The following facts provide the background for this appeal. On November 6, 1980, appellees James and Thelma Cain filed a voluntary petition in bankruptcy at No. 80–1813 listing appellant, Butler Consumer Discount Company, as a creditor holding a secured interest in a 1971 Fleetwood Mobile Home with a total indebtedness thereon of $6,158.95. On January 12,

1981, appellees received a discharge in bankruptcy, and a Section 524(d) discharge hearing was held before Judge Cosetti on May 18, 1981. On March 31, 1981 in the interim between the January 12th discharge and the May 18th discharge hearing, Mr. and Mrs. Cain entered into "another" loan agreement which "indicates that the Net Balance Due on Existing Loan with Lender (Account No. 9479) in the amount of $5,727.42 was to be part of the new financing.... The insurance charges, fees and finance charges brought the total payment to $10,560 at a 19.83% rate of interest requiring 60 monthly payments of $176.00." Memorandum Opinion, *supra*, at 2. No cash was given to the borrower.

Subsequently, the creditor repossessed the collateral on August 3, 1982 and also obtained a deficiency judgment for the balance due of $3,309.87, plus costs, attorneys fees, etc. totalling $7,076.32. In execution of this judgment, Butler Consumer Credit Company has garnished funds of Lawyers Abstract Company being held for James Cain, Jr., Administrator C.T.A. of the Estate of Mary R. Cain, pursuant to an order of December 6, 1982 of Common Pleas Court of Butler County.

The creditor argued before the Bankruptcy Judge that this loan agreement was a post-petition new indebtedness supported by additional consideration such as reduction of monthly payments and forebearance of remedies such as repossession, etc. and as such was enforceable despite the earlier discharge.

The debtors argued that the March 31, 1981 agreement was a reaffirmation agreement and that it is unenforceable because it was not presented to or approved by the court.

The Bankruptcy Judge agreed with the debtors indicating that it is the practice of the bankruptcy court to consider reaffirmations at the Section 524(d) hearing. While the parties had ample time to present the March 31, 1981 agreement to the court at the May 18, 1981 hearing, they did not do so. The Bankruptcy Judge found that Section 524(c) language explicitly makes the

loan agreement here in question unenforceable absent court approval. Thus the creditor was left with only the right to repossess the collateral which it has accomplished.

On appeal, the creditor appellant raises two issues:

1. Did the Bankruptcy Court err in neglecting the additional consideration which supported the March 31, 1981 agreement?

2. Did the Bankruptcy Court err in failing to find that appellees redeemed their mobile home under 11 U.S.C. Section 722 and were therefore bound by the terms of the March 31, 1981 redemption agreement?

As to the first issue, creditor appellant argues that equitable considerations dictated the principle of equitable reaffirmation which was used by the bankruptcy court in *In Re Le Fave*, 9 B.R. 859 (1981). Creditor appellant charges that the Bankruptcy Court emphasized form over substance, and enforcement of the loan agreement is necessary to prevent unjust enrichment of the debtor.

■ We note that the proper standard for review on appeal from the Bankruptcy Court is the clearly-erroneous standard. *In re Morrissey*, 717 F.2d 100 (3d Cir.1983). We find no evidence or allegation that the Bankruptcy Court's factual findings were unsupported by substantial evidence or induced by an erroneous view of the law. Further, we note that equitable considerations are factually based. We do not believe that appellant's first argument gives us any reason to reverse the bankruptcy court's decision.

■ As to the second issue claiming that the March 31, 1981 agreement is a redemption agreement under 11 U.S.C. § 722, we find nothing in the designated record on appeal to indicate that this issue was ever raised before the bankruptcy judge. Since this issue appears to have been raised for the first time in an appellate brief, it will not be considered. *In re Gilchrist Co.*, 410 F.Supp. 1070 (E.D.Pa.1976).

An appropriate order will issue.