**In re Hannah WALDMAN a/k/a Hanna Roth a/k/a Hanna Roth Waldman.**

Civ. A. No. 88–1630.
Bankruptcy No. 85–05280–S.

United States District Court,
E.D. Pennsylvania.

June 28, 1988.

Arthur Liebersohn, Philadelphia, Pa., for debtor.

Jeffrey V. Matteo, Fox & Fox, Norristown, Pa., for Creditor Rhoda Gershman.

Edward Sparkman, Philadelphia, Pa., trustee.

## MEMORANDUM

RAYMOND J. BRODERICK, District Judge.

In 1977, appellant/creditor Rhoda Gershman ("creditor") entered into a series of business dealings with appellee/debtor Hannah Waldman ("debtor"). Subsequently, between 1977 and July 1978, creditor filed against debtor a series of judgments by confession in the Court of Common Pleas for Philadelphia County. On December 4, 1985, debtor filed a Chapter 13 petition with the Bankruptcy Court along with a statement and a plan which listed creditor as a creditor. On June 2, 1986, creditor filed a secured proof of claim for $49,-259.50 based on the aforementioned judgments by confession liens.

On October 30, 1987, debtor filed a Chapter 13 plan. Simultaneously, debtor filed an objection to the secured claim of creditor and a motion to avoid creditor's judicial lien pursuant to 11 U.S.C. Section 522(f)(1). On December 1, 1987, a hearing was held before Bankruptcy Judge David Scholl on both the debtor's objection to creditor's secured lien and her motion to avoid the judicial liens. By Order dated December 24, 1987, Judge Scholl voided the judicial liens of the creditor based on a lack of nonexempt equity in debtor's property and reduced creditor's claim to $35,909.99, unsecured, 81 B.R. 313. Judge Scholl further directed the parties to appear for a confirmation hearing on debtor's Chapter 13 plan on January 20, 1988. Neither creditor nor her attorney filed an objection to the confirmation. Following the January 20, 1988 hearing at which the Chapter 13 trustee recommended confirmation, Judge Scholl entered an order of confirmation. On February 1, 1988, creditor filed a *pro se* Notice of Appeal of the January 20, 1988 Confirmation Order.

On February 4, 1988, debtor filed with the Bankruptcy Court a motion for contempt against creditor on the ground that creditor refused to comply with Judge Scholl's December 24, 1987 Order. Following a March 1, 1988 contempt hearing, creditor filed releases of her judgment liens with the Prothonotary of the Philadelphia Court of Common Pleas. On March 16, 1988, creditor filed a *pro se* amendment to her February 1, 1988 appeal, seeking, in her amendment, to add an appeal of the December 24, 1987 Order of lien avoidance. Both appeals are presently pending before this Court.

1. *Appeal of the December 24, 1987 Order*

■ Bankruptcy Rule 8002(a) states:
The notice of appeal shall be filed with the clerk of the bankruptcy court within ten days of the date of the entry of judgment, order, or decree appealed from.

The ten day mandate of Rule 8002(a) has been construed as requiring strict compliance with its terms. *In re Universal Minerals, Inc.,* 755 F.2d 309, 311 (3d Cir.1985); *Matter of McGuire,* 1 B.R. 496, 499 (W.D. Pa. 1979), *aff'd* 615 F.2d 1353 (3d Cir.1980). Moreover, because the rule is jurisdictional in effect, "failure to file a timely notice of appeal thus deprives the district court of jurisdiction to review the bankruptcy court's order or judgment." *In re Universal Minerals, Inc., supra,* 755 F.2d at 312; *see also Whitemere Development Corp. v. Township of Cherry Hill,* 786 F.2d 185, 187 (3d Cir.1986); *In re Energy Savings Center, Inc.,* 61 B.R. 732 (Bankr. E.D.Pa. 1986), *aff'd,* 810 F.2d 1162 (3d Cir.1987).

In the present case, the period for filing a notice of appeal of the December 24, 1987 Confirmation Order as prescribed by Rule 8002(a), began on December 28, 1987 and ended on January 11, 1988. *See* Bankruptcy Rule 9006(a) and Fed.R.Civ.P. 6(a). Creditor did not file a motion for extension of time beyond this period within which to file a notice of appeal. *See* Bankruptcy Rule 8002(c). Accordingly, creditor's no-

tice of appeal of the December 24, 1987 Order, filed by amendment on March 16, 1988, was clearly untimely. Thus, this Court lacks jurisdiction to review the December 24, 1987 Order of the Bankruptcy Court.

### 2. *Appeal of the January 20, 1988 Order*

Creditor appeals the January 20, 1988 Order of the Bankruptcy Court confirming debtor's Chapter 13 plan on the following grounds: (1) that debtor's plan fails to provide for the retention of creditor's judgment liens against the debtor in violation of 11 U.S.C. Section 1325(a)(5); (2) that debtor's plan was not proposed in good faith in violation of 11 U.S.C. Section 1325(a)(3); and (3) debtor is financially unable to make payments to all unsecured creditors in violation of 11 U.S.C. section 1325(a)(6).

Section 1324 of the Bankruptcy Code provides that "After notice, the court shall hold a hearing on confirmation of the plan." 11 U.S.C. Section 1324. Bankruptcy Rule 3020(b) further provides:

(b) OBJECTIONS TO AND HEARING ON CONFIRMATION

(1) Objections. Objections to confirmation of the plan shall be filed with the court and served on the debtor, the trustee, any committee appointed under the Code and on any other entity designated by the court, within a time fixed by the court. An objection to confirmation is governed by Rule 9014.

(2) Hearing. The court shall rule on the confirmation of the plan after notice and hearing as provided by Rule 2002. If no objection is timely filed, the court may determine that the plan has been proposed in good faith and not by any means forbidden by law without receiving evidence on such issues.

By his December 24, 1987 Order, Judge Scholl notified both creditor and her counsel of the scheduled January 20, 1988 hearing. Although both creditor and her counsel attended the confirmation hearing, no objection to the confirmation plan was filed.

■ It is well established that "if no objection to the plan is filed after proper notice of the case, the creditor is bound by the terms of the plan and has no right to later challenge the propriety of the plan." 5 Collier on Bankruptcy, Par. 1324.01 at 1324–5. Thus, as the Third Circuit held in *United States on Behalf of I.R.S. v. Norton,* 717 F.2d 767, 774 (3d Cir.1983), the failure of a creditor to take advantage of an opportunity to object to a proposed plan, binds the creditor to that plan. *See also Lawrence Tractor Co. v. Gregory,* 705 F.2d 1118, 1121 (9th Cir.1983); *In re Lewis,* 64 B.R. 415 (Bkrtcy. E.D.Pa.1986); *In re Lee,* 71 B.R. 833 (Bkrtcy.N.D.Ga.1987). Indeed, it would defy common sense to permit a creditor who, by failing to file a timely objection, permitted the Bankruptcy Court to confirm the Chapter 13 plan without taking evidence, to challenge that confirmation plan on appeal.

■ This Court does note, however, that even had creditor timely objected to the confirmation plan on the grounds raised in her appeal, the objections would have failed as a matter of law. First, creditor attacks the confirmed plan as failing to provide for the retention of the confessed judgment liens securing creditor's allowed secured claim in violation of 11 U.S.C. Section 1325(a)(5). Such a position is without merit in that, by Order dated December 24, 1987, creditor's confessed judgment liens were voided and her status reduced to that of an unsecured creditor. Because the December 24, 1987 Order was not timely appealed, creditor is estopped from collaterally attacking what has become the law of the case. *See Cowgill v. Raymark Industries,* 832 F.2d 798 (3d Cir.1987). Thus, creditor, whose status is that of a general unsecured creditor, cannot invoke 11 U.S.C. Section 1325(a)(5) which is restricted to parties holding allowed secured claims.

■ Second, creditor attacks the confirmed plan as not being proposed in good faith in violation of 11 U.S.C. Section 1325(a)(3). Such a position is without merit in that, as creditor concedes, the debtor, at the confirmation hearing, introduced into evidence the report of the Chapter 13 trustee finding that the debtor's proposed plan, which provides only a nominal distribution

to unsecured creditors, met the requirements of 11 U.S.C. Sections 1322 and 1325. As the Third Circuit held in *In re Hines,* 723 F.2d 333, 334–35 (3d Cir.1983), Chapter 13 debtors do not have an affirmative burden, beyond the showing made in the report of the standing trustee, to show that their reorganization plan, which provides for only nominal payments to unsecured creditors, was filed in good faith.

■ Third, creditor attacks the confirmed plan on the ground that debtor's scheduled payment plan of $40.00 per month for a sixty month period is insufficient to pay the claims of debtor's secured creditors in violation of 11 U.S.C. Section 1325(a)(6). Such a position is wholly without merit for two reasons. First, 11 U.S.C. Section 1325(b)(1) "permits inquiry into the debtor's ability to pay only upon an objection to confirmation filed by the chapter 13 trustee or the holder of an allowed unsecured claim." 5 Collier on Bankruptcy, Par. 1325.08 at 1325–45. Inasmuch as no such timely objection was filed, creditor cannot challenge the confirmation plan on that ground. Second, 11 U.S.C. Section 1325(a)(6) does not, as argued by creditor, require the Court to determine that debtor has the financial ability to pay all claims of unsecured creditors. Rather, the clear language of the statute mandates only that the Court determine the financial ability of the debtor "to make all payments proposed by the plan." 5 Collier on Bankruptcy, Par. 1325.07 at 1325–40. Ability to meet the proposed plan as opposed to the ability to pay all unsecured creditors is the requirement embodied in Section 1325(a)(6). Indeed, it is clear that "a debtor could not be denied the benefits of chapter 13 simply on the basis that he or she could not afford to pay unsecured creditors." *Id.,* Par. 1325.08, at 1325–45. *See also Matter of Bradley,* 705 F.2d 1409, 1412 (5th Cir.1983) *citing* H.R.Rep. No. 595, 95th Cong., 1st Sess. 123–24 (1977), *reprinted* in 1978 U.S. Code Cong. & Ad. News 5787, 5963, 6084–85. Based upon the Chapter 13 trustee's report, the Bankruptcy Judge found that the debtor was financially able to make the required payments, including the nominal payments to unsecured creditors, under the proposed plan.

In conclusion, because this Court lacks jurisdiction to review the Bankruptcy Court Order of December 24, 1987, creditor's appeal of that Order will be dismissed. Moreover, for the reasons stated, this Court will affirm the January 20, 1988 Order of the Bankruptcy Court.