### In re B. COHEN & SONS CATERERS, INC.

### Civ. A. No. 90–1184.

United States District Court,
E.D. Pennsylvania.

Feb. 13, 1991.

Paul Breen, Pepper Gordon & Breen, P.C., Philadelphia, Pa., for plaintiff/debtor.

Robert C. Perry, Wilson & Perry, P.C., Mark E. Kogan, Abramson Cogan Kogan Feedman & Thall, P.C., Philadelphia, Pa., for New Plan Realty Trust.

Daniel P. Bernstein, Philadelphia, Pa., for Marvin Fives and Marvin Fives Food Equipment Corp.

James J. O'Connell, Asst. U.S. Trustee.

## MEMORANDUM AND FINAL JUDGMENT

HUTTON, District Judge.

Presently before the Court are the appeal of New Plan Realty Trust ("New Plan") from the Bankruptcy Court's Order of January 10, 1990 confirming the reorganization plan, B. Cohen & Sons' (hereafter sometimes referred to as the "debtor") response and New Plan's reply. For the following reasons, the Bankruptcy Court's January 10, 1990 Order confirming the reorganization plan is AFFIRMED.

### I. FACTUAL BACKGROUND

B. Cohen & Sons operated a catering business in the Roosevelt Mall Shopping

Center in Philadelphia for approximately 23 years. Alexander and Helen Cohen, husband and wife, operated the business as President and Vice–President, respectively. At all times relevant to this action, the debtor leased the premises at the Roosevelt Mall from New Plan, a defendant in the action below. On September 30, 1987, the debtor filed for bankruptcy under Chapter 11 of the Bankruptcy Code.

On March 24, 1989, the Bankruptcy Court held that New Plan willfully violated the automatic stay order issued in the underlying bankruptcy proceeding by selling, through Marvin Fives Food Equipment Corporation ("Fives"), various articles of debtor's property that remained on the leased premises after the lease had expired. *B. Cohen & Sons Caterers, Inc. v. New Plan Realty Trust, et al. (In re B. Cohen & Sons Caterers, Inc.)*, 97 B.R. 808 (Bankr. E.D.Pa.1989). The Bankruptcy Court awarded debtor, *inter alia*, punitive damages consisting of monetary damages of $10,000 and recovery of all the debtor's property remaining in its possession on or before June 2, 1989. 97 B.R. at 818. Additionally, the court ordered dismissal of New Plan's $275,000 counterclaim for post-petition costs and expenses incurred in preserving the debtor's property and directed that New Plan be precluded from sharing in the distribution of the assets of the debtor's estate. *Id.*

■ As to the counterclaim, the Bankruptcy Court made two observations. Although no bar date had been established,[1] the court noted that New Plan's failure to file a proof of claim precluded assertion of its counterclaim. *Id.* at 818 n. 3 (citing *Williams v. Clark (In re Clark)*, 91 B.R. 324, 337–39 (E.D.Pa.1988); *In re International Endoscope Mfrs., Inc.*, 79 B.R. 620 (Bankr.E.D.Pa.1987). The court also stated its disbelief that New Plan could set-off post-petition (or pre-petition) rent claims against the damages awarded for its willful

violation of the automatic stay due to the absence of mutuality of these obligations. *Id.* (citing 11 U.S.C. § 553(a); *In re TM Carlton House Partners, Ltd. v. Career Planners, Inc. (In re Carlton House Partners, Ltd.)*, 93 B.R. 859, 867 (Bankr.E.D. Pa.1988); *In re Windsor Communications Group, Inc. v. Havertown Printing Co. (In re Windsor Communications Group, Inc.)*, 79 B.R. 210, 215–16 (Bankr.E.D.Pa. 1987).

New Plan appealed to this Court, Civil Action No. 89–3348, challenging, among other things, the bankruptcy court's punitive damage award. New Plan construed the award as precluding any claims against the debtor for pre-petition or post-petition rent. Accordingly, New Plan maintained that the ruling eliminated the collection of pre-petition rent of $350,000. New Plan further contended that the ruling barred its potential claim of $270,000 for post-petition rent under Section 503(a) of the Bankruptcy Code authorizing the allowance of administrative expenses.

By Memorandum and Order dated December 11, 1989, this Court affirmed that aspect of the Bankruptcy Court's opinion finding that New Plan had willfully violated the automatic stay provisions. *B. Cohen & Sons Caterers, Inc. v. New Plan Realty Trust, et al. (In re B. Cohen & Sons Caterers, Inc.)*, 108 B.R. 482 (E.D.Pa. 1989). This Court, however, remanded the case to the Bankruptcy Court for clarification of the $50,000 compensatory damage calculation. By Memorandum and Order dated January 11, 1990, the Bankruptcy Court clarified and reaffirmed its compensatory damage award. *B. Cohen & Sons Caterers, Inc. v. New Plan Realty Trust, et al. (In re B. Cohen & Sons Caterers, Inc.)*, 97 B.R. 808, 809 (Bankr.E.D.Pa.1989).

New Plan appealed this Court's Order dated December 11, 1989 (Civil Action No. 89–3348) to the Third Circuit on January

---

1. Under Chapter 11 of the Bankruptcy Code, certain claimants against the estate must file proofs of claim in order to participate in the reorganization and obtain any monetary satisfaction. *In re Charter Co.*, 876 F.2d 861, 863 (11th Cir.1989). Bankruptcy Rule 3003(c)(3). Bankruptcy Rule 3003(c)(3) provides that "[t]he court shall fix ... the time within such proofs of claim or interest may be filed." After the

passage of this time, referred to as the bar date, the claimant cannot participate in the reorganization unless he establishes sufficient grounds for the failing to file a proof of claim. *In re Charter Co.*, 876 F.2d at 863 (citing *In re South Atlantic Fin. Corp.*, 767 F.2d 814, 817 (11th Cir. 1985), *cert. denied*, 475 U.S. 1015, 106 S.Ct. 1197, 89 L.Ed.2d 311 (1986).

10, 1990. By Judgment Order dated June 7, 1990, the appeal was dismissed for lack of appellate jurisdiction. *B. Cohen & Sons Caterers, Inc. v. New Plan Realty Trust, et al. (In re B. Cohen & Sons)*, No. 90–1038 (3d Cir.1990) [908 F.2d 961 (table)]. The Third Circuit held that the Bankruptcy Court's Order of January 11, 1990 had been appealed to the District Court on February 20, 1990 (Civil Action No. 90–1185) and had not been disposed of by the district court.

On January 22, 1990, New Plan filed the instant appeal of the Bankruptcy Court's bench Order of January 10, 1990 (Civil Action No. 90–1184). That Order confirmed the debtor's plan of reorganization dated June 30, 1989, as amended October 30, 1989 (the "Plan"). The January 10, 1990 confirmation was set forth in a written Order dated January 23, 1990.

## II. DISCUSSION

Notwithstanding their lack of participation in the confirmation process and failure to object to the Plan before confirmation, New Plan now challenges the Plan as infeasible and discriminatory. New Plan also assails the Plan as disregarding the debtor's bad faith in failing to fully disclose the value of its assets. In response, the debtor argues that the failure to raise a timely objection to the Plan precludes New Plan from opposing the Plan or appealing the confirmation thereof. As to the disclosure of assets, B. Cohen & Sons maintains that the schedules were amended to reflect the proper valuation. And, while the damages assessed against New Plan for violating the stay (and which will be used to fund a portion of the Plan) were not disclosed in the schedules, the debtor asserts that this claim arose during and not before the estate's administration had commenced. In reply, New Plan argues that its objection to debarment was an objection to the Plan and, in any event, that this Court is not precluded from reviewing objections to the Plan despite the fact that such complaints were not raised in the bankruptcy court.

Any "party in interest may object to confirmation of a plan." 11 U.S.C. § 1128 (1979). All creditors of a debtor are parties in interest. *In re Justice Oaks II,*

*Ltd.*, 898 F.2d 1544, 1551 n. 5 (11th Cir. 1990) (citing 8 Collier on Bankruptcy ¶ 3020.04 (15th ed. 1989). A creditor is an entity that has a claim against the debtor that arose at the time of or before the order for relief concerning the debtor. 11 U.S.C. 101(9)(A). A claim is defined under the Code as "any right to payment, whether or not such right is ... fixed, contingent, matured, or unmatured. 11 U.S.C. § 101(4)(A). New Plan was a creditor of B. Cohen & Sons within the meaning of the Code [2] and, therefore, was a party in interest with standing to object to the Plan.

Section 1128(a) provides that "[a]fter notice, the court shall hold a hearing on confirmation of a plan." 11 U.S.C. § 1128 (1979). Bankruptcy Rule 3020(b), which implements the provisions of 11 U.S.C. § 1128, further provides:

(1) *Objections.* Objections to confirmation of the plan shall be filed with the court and served on the debtor, the trustee, any committee appointed under the Code and on any other entity designated by the court, within the time fixed by the court. An objection to confirmation is governed by Rule 9014.

(2) *Hearing.* The court shall rule on confirmation of the plan after notice and hearing is provided in Rule 2002. If no objection is filed, the court may determine that the plan has been proposed in good faith and not by any means forbidden by law without receiving evidence on the issues.

Rules of Bankruptcy Procedure 3020(b) (1990).

"It is well established that 'if no objection to the plan is filed after proper notice of the case, the creditor is bound by the terms of the plan and has no right to later contest the propriety of the plan.'" *In re Waldman*, 88 B.R. 59, 61 (E.D.Pa. 1988) (quoting 5 Collier on Bankruptcy ¶ 1324.01 at 1324–5); *Butler Consumer Discount Co. v. Cain (In re Butler Consumer Discount Co.)*, 50 B.R. 388, 390 (W.D.Pa.1985) (citing *In re Gilchrist Co.*,

2. This Court notes that New Plan's failure to file a proof of claim in this proceeding does not extinguish its status as a creditor. *Gaudio v.*

*Stamford Color Photo, Inc. (In re Stamford Color Photo, Inc.)*, 105 B.R. 204, 207 (Bankr.D.Conn. 1989).

410 F.Supp. 1070 (E.D.Pa.1976). The rationale for this rule, as it applies to the bankruptcy court confirmations, was articulated in *In re Record Club of America*, 38 B.R. 691 (M.D.Pa.1984)[3] as follows:

> For our procedural scheme contemplates that parties shall come to issue in the trial forum vested with authority to determine questions of fact. This is essential in order that parties may have the opportunity to offer all evidence they believe are relevant to the issues which the trial tribunal is alone competent to decide; it is equally essential in order that the litigants may not be surprised on appeal by final decision there of issues upon which they have had no opportunity to introduce evidence. And the basic reasons which support this general principle applicable to trial courts make it equally desirable that parties should have an opportunity to offer evidence on the general issues involved in the less formal proceedings before administrative agencies entrusted with the responsibility of fact finding.

38 B.R. at 697 (quoting *Hormel v. Helvering*, 312 U.S. 552, 556, 61 S.Ct. 719, 721, 85 L.Ed. 1037 (1941)). Thus, the failure of a creditor to take advantage of the opportunity to object to a proposed plan, binds the creditor to that plan. *In re Waldman*, 88

B.R. at 59 (citing *United States on Behalf of I.R.S. v. Norton*, 717 F.2d 767, 774 (3d Cir.1983)) (other citations omitted); *see also In re Produce Hawaii, Inc.*, 41 B.R. 301, 303 (Bankr.D.Hawaii 1984) (citing *In re AOV Indus.*, 31 B.R. 1005 (D.D.C.1983)) (where a creditor fails to object to evidence presented in support of a Chapter 11 reorganization plan, the creditor is estopped from later challenging the confirmation).

■ This Court does not read the Bankruptcy Court's March 24, 1989 Order as broadly as New Plan. That order disallowed New Plan from participating in any distribution of assets and from asserting their post-petition claims in the form of a counterclaim in the adversary action. There was no "debarment" from the confirmation process. Indeed, New Plan attended the January 10, 1990 hearing wherein the Plan was confirmed by bench order. Furthermore, New Plan does not argue that it failed to receive notice of the several confirmation hearings scheduled in connection with reorganization nor is there evidence that New Plan objected to the Plan for the reasons articulated in this appeal.[4]

■ Even assuming that New Plan was denied participation in the confirmation process, this Court would be inclined to

---

**3.** *In re Record Club of America* dealt with the application of then Bankruptcy Rule 11–38 which has since been replaced by Bankruptcy Rule 3020.

**4.** By Order entered June 26, 1989 (Document # 52), the Bankruptcy Court approved B. Cohen & Sons Amended Proposed Disclosure Statement dated June 5, 1989 (Document # 48). The Statement also included a proposed plan of reorganization. The court scheduled a confirmation hearing for August 16, 1989 and directed that the plan and disclosure statement be mailed to creditors, equity holders and other parties in interest within ten days of the entry of the order. The Order further directed that all acceptances and rejections to the proposed plan and confirmation thereof be filed by July 31, 1989 and that a report of plan voting be submitted by August 8, 1989.

By motion filed July 17, 1989, the Internal Revenue Service ("IRS") objected to the plan of reorganization. (Document # 55). At the August 16, 1989 hearing, the IRS expressed concerns about the feasibility of the proposed plan. By Order dated August 17, 1989, the Bankruptcy

Court instructed the debtor to file an Amended Plan so as to resolve the IRS's objections and scheduled a confirmation hearing for October 18, 1989. (Document # 69).

The debtor's Amended Plan was filed on September 15, 1989. By motion filed October 6, 1989, the IRS filed an objection to the debtor's Amended Plan. (Document # 72). In response to the hearing conducted on October 18, 1989, the court, by Order dated October 19, 1989, instructed the debtor to file a Plan curing certain defects including a feasibility problem. (Document # 73). That Order scheduled a confirmation hearing for November 29, 1989 which was subsequently continued to January 10, 1990.

The debtor's Second Amended Plan was filed on October 30, 1989. By motion filed November 13, 1989, the IRS objected to the Second Amended Plan complaining, *inter alia,* that the proposal was "speculative at best." (Document # 75).

The Bankruptcy Court held the confirmation hearing on January 10, 1990 and confirmed the Second Amended Plan by bench order.

reject New Plan's appeal. "[C]reditors whose rights are unimpaired under the plan and therefore have no right to vote on the plan, *see* 11 U.S.C. § 1124, 11 U.S.C. § 1126(f)," lack standing to object to a chapter 11 confirmation process. *In re Orlando Invs., L.P.*, 103 B.R. 593, 596 (Bankr. E.D.Pa.1989) (citing *In re Wonder Corp. of America*, 70 B.R. 1018 (Bankr.D.Conn. 1987). Moreover, creditors lack standing to challenge those portions of a reorganization plan that do not affect their direct interest. *Id.* at 596–97 (citation omitted).

■ In this appeal, New Plan makes three arguments. First, it claims that the debtor proceeded in bad faith by failing to comply with deadlines for filing its schedule of assets and liabilities and making incomplete and inaccurate disclosure of assets and, therefore, reversal of the Plan's confirmation is warranted. 11 U.S.C. § 1129(a)(3) (Supp.1990).[5] Second, New

Plan objects to the fairness of the Plan under 11 U.S.C. § 1129(b)(1) [6] as being unfairly discriminatory.[7] Finally, New Plan contests the Plan's feasibility under 11 U.S.C. § 1129(a)(11).[8]

This Court fails to see how the objectionable portions of the Plan impact any direct interest of New Plan. Although New Plan was designated a creditor by B. Cohen & Sons for prepetition rents, the Bankruptcy Court's March 24, 1989 Order barred New Plan from participating in any assets distributed from the estate. As to the $60,000 which will partially fund the Plan, New Plan's obligation to make this payment to the debtor is entirely collateral to the confirmation process. Because New Plan is unimpaired by those portions of the Plan deemed objectionable, this Court concludes that New Plan lacks standing to challenge the confirmation of the Plan.[9]

An appropriate Order follows.

---

**5.** The concept of a good faith plan has two components: "It must be proposed with honesty and good intentions and with a basis for expecting that a reorganization can be effected." *In re Orlando Invs., L.P.*, 103 B.R. 593, 599 (Bankr.E. D.Pa.1989) (citations omitted). As in *In re Orlando*, there is no evidence that the debtor offered the Plan without some reasonable belief that it would not succeed. 103 B.R. at 599.

**6.** Section 1129(b)(1) provides:
Notwithstanding section 510(a) of this title, if all the applicable requirements of subsection (a) of this section other than paragraph (8) are met with respect to a plan, the court, on request of the proponent of the plan, shall confirm the plan notwithstanding the requirements of such paragraph if the plan does not discriminate unfairly, and is fair and equitable, with respect to each class of claims or interests that is impaired under, and has not accepted, the plan.

**7.** New Plan's principal argument in this regard is that it was unable to assert its claims against the debtor. This argument, however, is more properly addressed to the Bankruptcy Court's March 24, 1989 Order which was affirmed by this Court.

**8.** That section authorizes confirmation of a plan provided that "[c]onfirmation is not likely to be followed by a liquidation, or the need for further financial reorganization, of the debtor or any successor to the debtor under the plan, unless such liquidation or reorganization is proposed in the plan." 11 U.S.C. § 1129(a)(11) (1979). "The purpose behind this statutory requirement is to 'prevent confirmation of vision-

ary schemes which promise creditors and equity security holders more under a proposed plan than the debtor can possibly attain after confirmation.'" *In re Orlando Invs., L.P.*, 103 B.R. at 600 (quoting Collier on Bankruptcy ¶ 1129.02, at 1129–36.11 (15th ed. 1988)); *see also In the Matter of Sound Radio, Inc.*, 103 B.R. 521, 522 (D.N.J.1989), *aff'd without op.*, 908 F.2d 964 (3d Cir.1990). "Feasibility does not require that substantial consummation of the plan be guaranteed; rather, the plan proponent must demonstrate that there be a reasonable assurance of compliance with plan terms." *In re Orlando Invs., L.P.*, 103 B.R. at 600 (citing *In re Monnier Bros.*, 755 F.2d 1336, 1341 (8th Cir.1985); *In re Prudential Energy Co.*, 58 B.R. 857, 862 (Bankr. S.D.N.Y.1986)).

In section 4.5 of the Plan, the debtor estimates that the operation of an outside premises catering business will result in first year before tax profits of $121,000. This figure is apparently based upon the debtor's projected first year sales of $500,000 as set forth in its Amended Proposed Disclosure Statement filed with the Bankruptcy Court on June 6, 1989. New Plan contends that the Plan is not feasible because the debtor's ability to gross $500,000 in the first year of operations is speculative. New Plan, however, has failed to provide this Court with any evidence from the record or otherwise objective data to support this argument.

**9.** The Court is also mindful of *In re Kreisler Group, Inc.*, 648 F.2d 86, 88 (2d Cir.1981). In that case, the court held that a claimant whose claim has been disallowed before plan confirmation lacks standing to object to the plan's

### FINAL JUDGMENT

AND NOW, this 12th day of February, 1991, upon consideration of New Plan Realty Trust's Appeal from the Bankruptcy Court's Order of January 10, 1990 confirming the reorganization plan, B. Cohen & Sons's response and New Plan's reply, IT IS HEREBY ORDERED that the Bankruptcy Court's January 10, 1990 Order confirming the reorganization plan is AFFIRMED.

feasibility or that it's not in the best interest of     the creditors.