**BENDIX AVIATION CORP. v. GLASS.**
Civ. No. 8592.

United States District Court
E. D. Pennsylvania.
Dec. 29, 1952.

369

KIRKPATRICK, Chief Judge.

As the case now stands, it is an action at law with the right of trial by jury in which Glass is asking damages of Bendix for breach of contract to pay him compensation for patents assigned by him to Bendix. Any issue which may have existed as to the ownership of the invention involved has been eliminated by Glass's assignment of the patents to Bendix and by his filing in this court of a statement which both this Court and the Court of Appeals have held completely estops him from "now or at any time (seeking) of this or any other court any relief in respect to any" such issue "other than money compensation or damages".

Bendix, by motions to amend its pleadings and to file a counterclaim, now seeks to reintroduce the issue of ownership, with the possible result that a jury may be eliminated from the proceedings.

Declaratory relief is asked on two points.

First, Bendix wants a judgment that it is entitled as of right to the invention free and clear of any right, interest or claim of Glass. It bases its contention that there is a justiciable controversy mainly upon a letter written by Glass to it, which it interprets as an assertion by Glass that Bendix obtained the patents wrongfully. Assuming that the letter would bear this interpretation, the writing of it does not entitle Bendix to declaratory relief. While it may indicate the existence of a sort of controversy, it is not a controversy which can possibly have an effect upon any rights of Bendix in the patents, except the liability to pay for them which is the subject matter of the pending suit. I suppose that, if a party who has been compelled to give up property by the judgment of a court went about saying that the decision was all wrong and that the plaintiff never had any right to the property, it might be said that there was a controversy, but it certainly would not be the office of declaratory judgment procedure to reaffirm the judgment in order to quiet his complaining.

Glass is estopped to contest the ownership of the patents in this or any

C. Brewster Rhoads, Philadelphia, Pa., Dexter N. Shaw, Wilson Oberdorfer and Howson & Howson, Philadelphia, Pa., Joseph W. Swain, Jr. and Montgomery, McCracken, Walker & Rhoads, Philadelphia, Pa., for plaintiff.

Leonard L. Kalish, Philadelphia, Pa., Wm. Barclay Lex, Philadelphia, Pa., for defendant.

other court. The estoppel is not in pais, but is a judicial estoppel complete and incontestable. So far as title and ownership are concerned, Bendix's position is just as secure as though it had the judgment of a court vesting the title in it. It does not need a declaratory judgment and the Court has discretionary power to refuse it.

■■ Second, Bendix wants a declaratory judgment to the effect that it is entitled to a shopright or free perpetual license in the invention covered by the patents. Shopright has already been raised by Bendix in the pleadings and is an issue in the pending action. Of course, it cannot come into the case unless Bendix in some way puts ownership back in Glass. If it should, then the shopright issue will be settled at the trial. There is no need, nor would it be proper, to introduce a proceeding for declaratory relief into a pending action in which the matter on which declaratory relief is sought is at issue in the original suit and can, if need be, be determined at the trial.

■ The same thing may be said of the first prayer. As has been pointed out, the issue of ownership is out of the case. The issue of ownership free and clear of any obligation to pay compensation is what the lawsuit is about, and will be determined at the trial without the necessity or propriety of preliminary declaratory action by the Court.

Bendix's motions are denied.