In re INTERNATIONAL ENDOSCOPE
MANUFACTURERS, INC., Debtor.

In re INFRARED FIBER
INDUSTRIES, INC.,
Debtor.

Bankruptcy Nos. 85–01033S, 85–01034S.

United States Bankruptcy Court,
E.D. Pennsylvania.

Nov. 24, 1987.

W. Jeffrey Garson, Robert S. Blau, Philadelphia, Pa., Local Counsel for Cooper LaserSonics, Inc.

David L. Pollack, David I. Grunfeld, Philadelphia, Pa., for Dr. James A. Harrington.

Gary A. Schildhorn, Philadelphia, Pa., for debtors.

Russell L. Johnson, San Francisco, Cal., California Counsel for Cooper LaserSonics, Inc.

## MEMORANDUM OPINION

DAVID A. SCHOLL, Bankruptcy Judge.

Before us in both of the instant related bankruptcy cases are identical Motions filed in each case by DR. JAMES A. HARRINGTON (hereinafter referred to as "Harrington") and COOPER LASERSONICS, INC. (hereinafter referred to as "Cooper") (collectively Harrington and Cooper are referred to hereinafter as "the Movants") seeking a declaration that certain of the claims which they seek to assert in their respective proposed Counterclaims in the pending actions brought against them by INTERNATIONAL ENDOSCOPE MANUFACTURERS, INC. (hereinafter referred to as "IEM") are not subject to the automatic stay or, if determined to be so subject, to obtain relief from the automatic stay to assert these Counterclaims. We shall deny the Motions because we believe that it is extremely doubtful that these Counterclaims are compulsary or in the nature of setoffs and hence they assert no more than common unsecured claims. Relief from the automatic stay to assert "common unsecured claims" will be granted only if the "balance of hardships" tips in the movants' favor, which we fail to find here.

Much of the history of the IEM Bankruptcy and the disputes therein with Harrington were related in our denial of a Motion to dismiss this case and another case, reported in a consolidated Opinion as *In re Smith,* 77 B.R. 496, 498–99 (Bankr.E. D.Pa.1987), and will not be repeated. Harrington is a scientist whose departure from the employ of the Debtors has set off numerous proceedings, including both these Debtors' bankruptcies. Cooper employed Harrington immediately after he left the employ of the Debtors.

As we indicated in the *Smith* Opinion, IEM has instituted six separate actions against Harrington and/or Cooper, *id.* at 498, although only two of these are presently pending, one a consolidated action against Harrington and Cooper removed from this court to the District Court, where it is presently before Chief Judge John P. Fullam; and the other in the Superior Court of Los Angeles, California, against Cooper only.

Cooper, having previously answered both Complaints, now seeks, in the instant motion, relief from the automatic stay for

permission to amend its Answer to plead the following Counterclaims:[1]

1. Declaratory relief against both Debtors relating to the substance of the claims brought against it.

2. Damages for institution of "vexacious litigation" against the Debtors' counsel for filing the six lawsuits in issue.

3. Damages for abuse of process against IEM, its principal Walter Brittle (hereinafter referred to as "Brittle"), and the Debtors' counsel, also based upon the Debtors' multiple filings against it.

In his proposed Counterclaim Harrington recites fourteen (14) separate Counts, One, Thirteen, and Fourteen of which, coincide respectively, with Cooper's three proposed Counterclaims recited above. The additional eleven Counts include claims for indemnity as to any successful claims asserted as to him by one Coherent Corporation against IEM & Brittle (Count Two); damages for intentional and negligent misrepresentations against IEM & Brittle (Counts Three and Four); damages for securities violations against IEM & Brittle (Count Five); damages for wrongful termination of his employment contract, breach of that contract, and tortious breach of the covenants of good faith in dealings concerning that contract against both Debtors (Counts Six, Seven, and Eight); and claims and damages for intentional interference with a contractual relationship, intentional infliction of emotional distress, breach of fiduciary duty, and violation of the Racketeer Influenced and Corrupt Organizations Act against Brittle only (Counts Nine, Ten, Eleven, and Twelve).

The parties appeared at a hearing scheduled on the Motions on November 5, 1987. No witnesses were called, but numerous documents, most of which were copies of filings in these bankruptcy cases and the actions in which the Movants sought to file the Counterclaims were admitted into evidence. Arguments extending for nearly one hour were presented, but none of the parties indicated a desire to submit any Briefs in support of their respective positions.

The principal arguments of the Movants are as follows:

1. Their Counterclaims, or at least some of them, were compulsary under Bankruptcy Rule (hereinafter referred to as "B.Rule") 7013 and Federal Rule of Civil Procedure (hereinafter referred to as "F.R. Civ.P.") 13(a), which factor is, in itself, claimed to be sufficient to justify relief on the basis of the holding in *In re Zweygardt,* 51 B.R. 214 (D.Colo.1985).

2. Judicial economy would be served by allowing litigation of all matters inter-related with IEM's claims against the Movants together in a single forum.

However, we must observe, at the outset, that there are two principles which would be sacrificed if we granted these motions. One is the concept that all creditors of a particular debtor must share equally in realizing claims against the debtor's estate, which caused us to suggest that asserting a setoff by way of a counterclaim and the concomitant right of a creditor to obtain relief from the automatic stay to assert such a counserclaim and setoff must be carefully analyzed in *Lessig, supra,* 67 B.R. at 440–45. *Accord, In re New York City Shoes, Inc.,* 78 B.R. 426, 431 (Bankr.E.D.Pa.1987); and *In re Windsor Communications Group, Inc., Windsor Communications Group, Inc. v. Havertown Printing Co.,* Bankr. No. 82–03714K, Adv. No. 83–1971K, slip op. at 15, 22 n. 6 (Bankr.E.D.Pa., Report and Opinion filed Jan. 21, 1987), *approved,* 79 B.R. 210 (E.D. Pa.1987).

The other principle is that the automatic stay is a most fundamental and significant protection to a debtor, *see In re Clark,* 69

---

1. Both Harrington and Cooper apparently agree that (1) Relief from the automatic stay is necessary to plead these counterclaims. *See* 11 U.S.C. § 362(a)(6); *In re Lessig Construction Co.,* 67 B.R. 436, 443–44 (Bankr.E.D.Pa.1986); and (2) This court is the proper forum in which to seek relief from the stay. *See NLT Computer Servic-es Corp. v. Capital Computer Systems, Inc.,* 755 F.2d 1253, 1256–59 (6th Cir.1985); *Association of St. Croix Condominium Owners v. St. Croix Hotel Corp.,* 682 F.2d 446, 449 (3d Cir.1982); *In re Clark,* 69 B.R. 885, 889 (Bankr.E.D.Pa.1987). *But see Brock v. Morysville Body Works, Inc.,* 829 F.2d 383, 387 (3d Cir.1987).

B.R. 885, 889–90 (Bankr.E.D.Pa.1987), relief from which can be accorded to an unsecured creditor only when it is established that the "balance of hardships" tips in the creditor's favor. *See In re Ziets*, 79 B.R. 222, 226–27 (Bankr.E.D.Pa.1987); *In re Cherry*, 78 B.R. 65, 72–74 (Bankr.E.D.Pa. 1987); *In re Ronald Perlstein Enterprises, Inc.*, 70 B.R. 1005, 1010 (Bankr.E.D.Pa. 1987), *appeal dismissed*, C.A. No. 87–2364 (E.D.Pa. June 25, 1987); and *In re Stranahan Gear Co.*, 67 B.R. 834, 837–38 (Bankr. E.D.Pa.1986). One of the considerations in this balance is conserving the resources and energies of the Debtor which would be otherwise expended in litigating claims in other forums. *See Perlstein, supra*, 70 B.R. at 1009; and *Stranahan Gear, supra*, 67 B.R. at 838. Although the Debtor will be forced to litigate its claims against the Movants in other forums, this factor is nevertheless of some significance here, because the Counterclaims asserted by Harrington in particular seem to us to be somewhat overblown and possibly calculated, as the Debtors' counsel argued, to browbeat IEM and its counsel and thus discourage them from prosecuting what may be just claims.

We note that B.Rule 7013 alters the requirement set forth in F.R.Civ.P. 13(a) that claims arising out of the same transaction or occurrence are compulsary counterclaims, stating that "a party sued by a trustee need not state as a counterclaim any claim that the party has against the debtor, the debtor's property, or the estate, unless the claim arose after the entry of an order for relief." Therefore, as to those proposed Counterclaims which could be asserted as pre-petition claims against the Debtors, F.R.Civ.P. 13(a) expressly does not apply. We observe that the Movants' lone case authority, *Zweygardt, supra*, only consider whether certain Counterclaims are subject to dismissal on a summary judgment motion and does not address the issue of the impact of the automatic stay on the litigation of counterclaims against a debtor, and thus is of little pertinence to the issues presented here.

The Counterclaims asserted by Cooper are of doubtful propriety, even if asserted as merely *permissive* Counterclaims. The declaratory relief sought in Count One "serves but to restate the controversy," *Stanley Works v. C.S. Mersick & Co.*, 1 F.R.D. 43, 45 (D.Conn.1939), and therefore accomplishes nothing that we can perceive could not be accomplished by way of Answer and defense to the plaintiff's claims in the Complaints instituted by it. *See also Bendix Aviation Corp. v. Glass*, 110 F.Supp. 368, 370 (E.D.Pa.1952); and *Cheney Co. v. Cunningham*, 29 F.Supp. 847, 848 (W.D.Pa.1939). *Cf. In re A.I.A. Indus., Inc.*, 75 B.R. 1013, 1020, 1022 (Bankr. E.D.Pa.1987) (permission to amend answer to add a counterclaim which is "duplicative of defenses already asserted in the answer" denied).

Meanwhile, "a claim in the nature of malicious prosecution, which arises out of the main action, generally cannot be asserted either as a compulsary or a permissive counterclaim, since such a claim is premature prior to the determination of the main action." 3 J. MOORE, FEDERAL PRACTICE, ¶ 13.13, at 13–77 to 13–78 (2d ed. 1987). *See, e.g., United States v. Levering*, 446 F.Supp. 977, 979 (D.Del.1978); *Fischer & Porter Co. v. Haskett*, 287 F.Supp. 831, 834 (E.D.Pa.1968); and *Stanley Works, supra*, 1 F.R.D. at 46. We believe that the "vexacious litigation" and "abuse of process" Counts asserted by Cooper are properly characterized as being "in the nature of malicious prosecution claims" arising out of the pending or related cases.

Harrington contends that Counts One, Two and Fourteen of his Counterclaim deserve special consideration because they are purportedly post-petition claims untouched by the automatic stay. Assuming *arguendo* the accuracy of the contention that the stay has no impact on post-petition claims, *but see Lessig, supra*, 67 B.R. at 443, Counts One and Fourteen can be readily discounted, as they are essentially identical to Counts One and Fourteen of Cooper's proposed Counterclaims, which our previous discussion established that it is doubtful could be properly asserted as even

*permissive* Counterclaims. Count Two relates to alleged liability which arose, if at all, in dealings between Brittle and Coherent Corporation which occurred in 1984 and early 1985, prior to the filing of the petition. Hence, it does not appear to be a post-petition claim at all. Consequently, any declaration that these Claims are not subject to the automatic stay must be rejected.

Of the remaining eleven Counts in Harrington's proposed Answer, five are asserted only against non-debtor parties and are hence not within the scope of the stay. They also may not be within the definition of Counterclaims, as they are asserted against parties other than the Plaintiff therein. All of the remaining six Counts set forth pre-petition Claims, which could clearly be asserted by way of the claims procedure in the Debtors' bankruptcy cases.[2] This leaves Harrington with only the argument that "judicial economy" would be served by allowing him to litigate his Counterclaims in the same forum where the Debtors will be litigating their Claims against Harrington rather than in the claims procedure in this court.

Despite the temptation presented in relegating what promises to be an extended dispute to other forums, we believe that this factor is insufficient to tip the "balance of hardships" in Harrington's favor. Even in the face of a motion asking that we allow relief from the stay to litigate a domestic-relations dispute also pending in the state court for almost three years in *Ziets*, we denied the motion. Creditors' allegations of fraud of the Debtor and an expressed willingness to forego execution on any judgment obtained against the Debtor were found insufficient to support the granting of relief from the staying *Perlstein, supra,* 70 B.R. at 1009–10. Only in *Cherry, supra,* where the creditor sought only to enjoin post-petition conduct of the debtor in defiance of a state court injunction, did we grant relief from the stay to an unsecured creditor. In so doing, we accorded only "slight" impact to the

fact that a proceeding was pending for an extended period of time in another forum and that hence duplication of effort could be avoided by granting relief from the stay. *Cherry, supra,* 78 B.R. at 73. *Cf. In re T.D.M.A., Inc.,* 66 B.R. 992, 995–96 (Bankr.E.D.Pa.1986) (deference will be accorded to dispute-resolution proceedings in forums other than the bankruptcy court's claims procedure only in "extraordinary situations" such as where the matter would otherwise be heard in a "specialized forum with particular expertise" in deciding the issues in question).

No such "extraordinary situations" are present here. No factors comparable to those decisive in *Cherry* exist here. Therefore, we believe that adherence to the principle of requiring all of the claims against the Debtors to be considered together in this bankruptcy forum, where equality of treatment of all creditors is paramount, tips the "balance of hardships" here in favor of the Debtors.

Consequently, we shall enter an Order denying the motions in issue.

---

**2.** We note, however, that the Debtors argued that the Movants have not filed Proofs of Claim in these cases.