David DILL

v.

FEDERAL SAVINGS AND LOAN INSURANCE CORPORATION, as receiver for FirstSouth, F.A., et al, Defendants.

No. LR–C–86–734.

United States District Court, E.D. Arkansas, W.D.

Jan. 25, 1988.

Walter W. Davidson, Thomas S. Stone, Robert J. Fuller, Davidson, Horne & Hollingsworth, Little Rock, Ark., for plaintiff.

Peter B. Heister, James W. Cherry, Jr., Eichenbaum, Scott, Miller, Crockett, Liles & Heister, Little Rock, Ark., Taylor M. Hicks, O. Clayton Lilienstern, J. Scott Carothers, Andrews & Kurth, Houston, Tex., John L. Rogers, III, Peter F. Lovato, III, Albert C. Maule, F. Thomas Hecht, Mary K. Butler, Joseph F. Griffin, Hopkins & Sutter, Chicago, Ill., (Harry W. Quillian, William K. Black, Thomas J. Segal, John Beaty, Office of General Counsel, Federal Home Loan Bank Bd., Washington, D.C., of counsel), for Federal Sav. & Loan Ins. Corp.

Robert K. Walsh, Friday, Eldredge & Clark, Little Rock, Ark., for Philadelphia Life Ins. Co.

T. Scott Clevenger, Mitchell, Williams, Selig, Jackson & Tucker, Little Rock, Ark., for Rebsamen Ins., Inc.

William David Duke, Griffin Smith, W.R. Nixon, Jr., Smith, Smith & Duke, Little Rock, Ark., for Hoffman.

Robert J. Brown, R.J. Brown, P.A., Little Rock, Ark., for Wiechern.

### MEMORANDUM AND ORDER

HENRY WOODS, District Judge.

Pending now is the motion of the plaintiff, David Dill, to dismiss the counterclaim filed against him by the defendant, Federal Savings and Loan Insurance Corporation, as Receiver for FirstSouth, F.A. (FSLIC). Also pending is the FSLIC's motion for summary judgment against Dill based on the same counterclaim. For the reasons that follow, Dill's motion to dismiss is denied and summary judgment is granted in favor of the FSLIC on its counterclaim.

### I. Background

The plaintiff, David Dill brought this action in state court alleging that the separate defendants conspired to wrongfully convert insurance commissions due him for his work in developing FirstSouth's deferred compensation plan. In furtherance of and intertwined with this alleged scheme to defraud, Dill claims that Howard Weichern, Chairman of the Board and Chief Executive Officer of FirstSouth, induced him to sign a promissory note in favor of FirstSouth by representing that the note would be repaid from the commissions due, and that FirstSouth would not hold him personally liable on the note. FirstSouth denied any such agreement and counterclaimed against Dill to recover on the note, which on its face represents an unconditional obligation of Dill to pay the full amount at maturity.

Dill moved to dismiss the counterclaim arguing that it was untimely filed under the Arkansas Rules of Civil Procedure. Before the state court ruled, however, the FSLIC intervened as Receiver for FirstSouth and removed the case to this court invoking jurisdiction, *inter alia*, under 12 U.S.C. § 1730(k)(1)(B). The FSLIC now moves for summary judgment on its counterclaim, arguing that Dill cannot assert against the FSLIC defenses to a facially valid note which are based upon agreements outside the insured institution's records.

### II. Dill's Motion to Dismiss

Dill advances two arguments in support of his motion to dismiss the FSLIC's counterclaim. First, he asserts that the FSLIC's counterclaim filed by the attorneys for FirstSouth prior to removal is compulsory and that under Arkansas Rule of Civil Procedure 13(a) a compulsory counterclaim is waived if not set forth in the answer. Additionally, Dill contends that the FSLIC's counterclaim is not an amend-

ed or supplemental pleading within the meaning of Arkansas Rule of Civil Procedure 15 and, therefore, it is absolutely barred.

The court agrees with Dill that the FSLIC's counterclaim is compulsory under Ark.R.Civ.P. 13(a) because both the complaint and counterclaim arise from the same transaction. Dill claimed that the defendants acted in a conspiracy to deprive him of insurance commissions. And Dill further claimed that the note on which the FSLIC based its counterclaim represented an advance of, and was to be repaid with said commissions. But, the court cannot agree that the FSLIC's counterclaim is not an amended or supplemental pleading under Ark.R.Civ.P. 15.

Ark.R.Civ.P. 13(e) states that "[w]hen a pleader fails to assert a counterclaim, he should be entitled to assert such counterclaim by amended or supplemental pleading subject to the requirements and conditions of Rule 15." Under Rule 15 the court is vested with broad discretion and should strike an amendment only if it determines prejudice would result by allowing the amendment. *Kay v. Economy Fire & Casualty Co.*, 284 Ark. 11, 678 S.W.2d 365 (1984); *Milne v. Milne*, 266 Ark. 900, 587 S.W.2d 229 (1979). Here, the FSLIC's counterclaim was filed at a preliminary stage of the action, before a trial date was set and prior to removal. Accordingly, the court finds that Dill will not be prejudiced and that his motion to dismiss the FSLIC's counterclaim should be, and is hereby ordered denied.

### III. The FSLIC's Motion for Summary Judgment

In its Local Rule 29 statement of undisputed facts the FSLIC asserts that Dill borrowed $30,000 from FirstSouth for which he gave a promissory note in return. The FSLIC further iterates that the note has since matured and that the entire amount has become due and payable, but that Dill has failed to make payment as required despite numerous demands therefor. Additionally the FSLIC states, relying on statements in Dill's deposition of September 4, 1986 at page 198 and Dill's first amended complaint at paragraph 8(i), that Dill has admitted the authenticity of the note and his signature thereon.

Based on these facts, and a body of common law emanating from the Supreme Court's decision in *D'Oench, Duhme & Co. v. Federal Deposit Insurance Corporation*, 315 U.S. 447, 62 S.Ct. 676, 86 L.Ed. 956 (1942), in which defenses against the FDIC based upon "secret agreements" have been barred, the FSLIC argues that it is entitled to summary judgment as a matter of law. Dill disputes only the FSLIC's assertion that he has not performed his obligations under the note and its contention that the *D'Oench* doctrine is applicable to the facts of this case. As to the performance of his obligations, he contends that there was a novation and release, that he was fraudulently induced to sign the note and that FirstSouth agreed to look to a third party for payment. With regard to the *D'Oench* doctrine, he argues that its estoppel rule cannot be applied to an FSLIC case, and even if it is applied it does not bar his defenses because he did not intend to defraud FirstSouth, its examiners or the FSLIC.[1]

In *D'Oench* the court held that the maker of a note held by an FDIC insured institution was estopped to defend against the FDIC on the ground that the note was an accommodation, given without consideration, and with the understanding that it would not be collected, in order to enable

---

1. Dill also argues that granting summary judgment based on *D'Oench* will deprive him of his Seventh Amendment right to jury trial and his Fifth Amendment right to due process. These arguments are premature. There remain several defendants in this lawsuit against whom Dill may recover in full. Therefore, Dill may have no grievance remaining upon which to pin his constitutional arguments. Moreover, it should be noted that the facts relied on by Dill to support his case in chief and those asserted in support of his defense to the FSLIC's counterclaim are the same and, based thereon, Dill may recover from the FSLIC at the administrative level—again depriving him of standing. *See Poe v. Ullman*, 367 U.S. 497, 81 S.Ct. 1752, 6 L.Ed.2d 989 (1961); *Rosenthal & Co. v. Bagley*, 581 F.2d 1258 (7th Cir.1978).

the bank to carry it as a real asset and thereby deceive the bank examiners. 315 U.S. at 459, 461, 62 S.Ct. at 680, 681. The court's decision was grounded in a public policy to protect the FDIC and the public funds which it administers against misrepresentations of the assets of insured banks. *Id.* The test for application of the rule is whether the note was designed to deceive the creditors or the public authority, or would tend to have that effect. *Ibid.*

Intent to deceive is not required for application of the rule, as Dill argues, nor is it necessary that creditors be actually deceived or specifically injured. 315 U.S. at 459, 62 S.Ct. at 680. It is sufficient if the maker of a note lends himself to a scheme whereby the banking authorities are likely to be misled. 315 U.S. at 460, 62 S.Ct. at 680–81. Illustrative of these principles is the following passage from a New York Court of Appeals decision quoted with approval in *D'Oench:*

> The defendant may not have intended to deceive any person, but when she executed and delivered to the plaintiff bank an instrument in the form of a note, she was chargeable with knowledge that, for the accommodation of the bank, she was aiding the bank to conceal the actual transaction. Public policy requires that a person who, for the accommodation of the bank executes an instrument which is in form a binding obligation, should be estopped from thereafter asserting simultaneously the parties agreed that

the instrument should not be enforced. *Mount Vernon Trust Co. v. Bergoff,* 272 N.Y. 192, 5 N.E.2d 196.

315 U.S. at 459, 62 S.Ct. at 680.

There can be no doubt that *D'Oench,* if applicable to the FSLIC as well as the FDIC, precludes the defenses asserted here by Dill. Dill executed a note which on its face created a binding personal obligation. Yet, at the time he executed this facially binding note, he had in mind that he would not be held liable thereon based on his oral agreement with Howard Weichern. Public policy, as set forth in *D'Oench,* requires that Dill be charged with the knowledge that he was aiding FirstSouth to conceal the actual transaction and, regardless of his intent,[2] that he be estopped from asserting the oral side agreement as a defense. It is the evil tendency of the acts to contravene the policy governing banking transactions which lies at the root of the rule. 315 U.S. at 458–59, 62 S.Ct. at 679–80.

The question that remains is whether *D'Oench* applies to the FSLIC as well as the FDIC. Dill argues that *D'Oench* cannot be extended to the FSLIC because it was limited by its own terms to the FDIC and was based upon federal statutes setting out the scope of FDIC authority. Secondly, he asserts that *D'Oench* has been preempted by 12 U.S.C. § 1823(e)[3] which is expressly limited to the FDIC. Those arguments are rejected.

**2.** Dill has argued that "innocent" participation precludes application of the *D'Oench* rule citing *FDIC v. McClanahan,* 795 F.2d 512 (5th Cir. 1986), and *FDIC v. Meo,* 505 F.2d 790 (9th Cir. 1974). Neither case is persuasive in this instance. In *McClanahan* the Fifth Circuit recognized that the defenses of forgery or the failure of a bank to meet its obligation, where a note imposes bilateral obligations, may preclude application of *D'Oench.* And in *Meo* the Ninth Circuit held that *D'Oench* did not apply where the maker of a note was "wholly innocent" and was "not negligent in failing to discover" the actual nature of the transaction. Here, the note was executed by Dill with knowledge that it did not represent the true nature of the transaction and it created a unilateral obligation to pay a sum certain. Moreover, he has admitted the note's authenticity and his signature thereon.

**3.** 12 U.S.C. § 1823(e) provides:

**(e) Agreements against interests of Corporation**
No agreement which tends to diminish or defeat the right, title or interest of the Corporation in any asset acquired by it under this section, either as security for a loan or by purchase, shall be valid against the Corporation unless such agreement (1) shall be in writing, (2) shall have been executed by the bank and the person or persons claiming an adverse interest thereunder, including the obligor, contemporaneously with the acquisition of the asset by the bank, (3) shall have been approved by the board of directors of the bank or its loan committee, which approval shall be reflected in the minutes of said board or committee, and (4) shall have been, continuously, from the time of its execution, an official record of the bank.

In *Federal Savings and Loan Ins. Corp. v. Kearney Trust Co.*, 151 F.2d 720, 725 (8th Cir.1945), the Eighth Circuit, citing *D'Oench*, decided that the rights and obligations of the FSLIC were controlled by federal law. And, in *FDIC v. McClanahan*, 795 F.2d 512 (5th Cir.1986), the Fifth Cicuit stated that

> The discussion of the amendment [§ 1823(e)] in the legislative history does not mention *D'Oench, Duhme, see* H.R. Rep. No. 2564, 81st Cong.2d Sess. (1950), *reprinted in* 1950 U.S.Code Cong.Ad. News 3765, 3774, and there is no reason to suppose that Congress intended to forbid the rule of estoppel from being applied when the FDIC sues as receiver of a failed bank [rather than in its corporate capacity as set forth in § 1823(e)].

*Id.* at 514 n. 1. Reading these cases together one can conclude that *D'Oench* survived the enactment of § 1823(e), and that it is the controlling federal law applicable to this case.

The FSLIC has cited the court to numerous decisions of other courts that have reached this conclusion and applied the *D'Oench* rule of estoppel in a FSLIC case.[4] But Dill, in his response, is unable to cite even a single case in which a court has refused to apply *D'Oench* to the FSLIC, and this court's research has likewise failed to reveal any. This court considers the unanimity of the federal district courts on this issue to be highly persuasive and, in the absence of contrary authority in this circuit, will adhere to their precedent.

Accordingly, the court finds that Dill's asserted defenses to the FSLIC's counterclaim are barred by the doctrine of *D'Oench, Duhme*, that there remain no genuine issues of material fact for trial, and that the FSLIC is entitled to judgment as a matter of law on its counterclaim against Dill. *See Anderson v. Liberty Lobby*, 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986) (substantive law defines the facts which are material for summary judgment). Counsel for the FSLIC are directed to submit to the court a proposed precedent for entry of judgment within ten (10) days of this order.

---

4. *See FSLIC v. Hsi*, 657 F.Supp. 1333 (E.D.La. 1986); *Bailey v. Metro Federal Savings & Loan Ass'n*, 642 F.Supp. 616 (W.D.La.1986); *First-South, F.A. v. Robertson*, No. LR–C–86–776, slip op. (E.D.Ark. June 16, 1987) (Overton, J.); *FSLIC v. Flithers*, —— F.Supp. ——, No. 86–0647, slip op. (E.D.La. Jan. 30, 1987); *FSLIC v. D & D Partnership*, No. 85–5790, slip op. (E.D.La. Oct. 15, 1986); *Lupin v. FSLIC*, No. 85–5896, slip op. (E.D.La. March 31, 1987); *FSLIC v. 3–Way Investments*, No. 85–4323, slip op. (E.D.La. Sept. 22, 1986).