**In the Matter of VIDEO CASSETTE GAMES, INC., Debtor.**

**Bankruptcy No. N88–30283–WHD.**

United States Bankruptcy Court,
N.D. Georgia,
Newnan Division.

Nov. 30, 1989.

Karen Fagin White, Edward F. Danowitz, Small & White, Atlanta, Ga., for Sanwa Business Credit Corp.

Charles E. Campbell, Darren K. Hensley, Hicks, Maloof & Campbell, Atlanta, Ga., for Video Cassette Games, Inc.

## ORDER

W. HOMER DRAKE, Jr., Bankruptcy Judge.

This matter is before the Court on the motion of Sanwa Business Credit Corporation (hereinafter "Sanwa") for relief from automatic stay. It is a core proceeding over which the Court has jurisdiction pursuant to 28 U.S.C. § 157(b)(2)(G) (1989). After a hearing on the matter, the Court requested supplemental briefs from the parties. Having considered these briefs, the testimony at the hearing, and the other documents in the case file, Sanwa's motion is denied for the reasons set forth below. The following constitutes the Court's findings of fact and conclusions of law.

## FINDINGS OF FACT

Video Cassette Games, Inc. (hereinafter "Debtor") filed a Chapter 11 petition for relief in bankruptcy on March 16, 1988. During the course of the proceedings Sanwa asserted a claim for over $2 million, and asked the Court to lift the stay so that Sanwa could take possession of Debtor's inventory and accounts receivable which secured the claim. The Court agreed to lift the stay, but Sanwa has not disposed of the inventory nor filed a claim for deficiency.

On December 14, 1988, Debtor filed suit against Sanwa in the United States District Court for the Middle District of Georgia, alleging breach of contract, breach of duty of good faith, and fraud. According to the complaint, Sanwa entered into a loan agreement with Debtor and made misrepresentations that interfered with Debtor's ability to run its business before and after the bankruptcy petition was filed, forced Debtor into default, and caused Debtor to file for bankruptcy relief. Debtor proposed a reorganization plan soon thereafter based on its expected recovery from the suit.

This Court deferred confirmation of the plan on May 25, 1989, until the litigation was resolved. On June 7, the District Court transferred the case to the Northern District of Illinois in response to Sanwa's motion for dismissal or for change of venue.

Sanwa filed this motion for relief from stay on August 25, 1989, in order to pursue a counterclaim in the District Court litigation arising from Debtor's obligations under the loan agreement. This Court held a hearing on the motion on September 22, and both Debtor and Sanwa filed supplemental briefs.

## CONCLUSIONS OF LAW

Sanwa seeks relief under § 362(d) of the Bankruptcy Code, which authorizes this Court to terminate, annul, modify or condition the automatic stay of § 362(a) "for cause, including the lack of adequate protection of an interest in property of [a] party in interest," 11 U.S.C. § 362(d)(1) (1989). Sanwa asserts that it has an absolute right to assert a counterclaim in a non-bankruptcy forum and therefore cause exists to lift the stay. In support of this proposition it cites *In re Central Equipment & Service Co.*, 61 B.R. 986 (Bankr. N.D. Ga.1986), and *In re Ford*, 35 B.R. 277 (Bankr.N.D. Ga.1983). In both cases, creditors who failed to file proofs of claim in the debtors' bankruptcy proceeding sought to assert counterclaims for setoff against the debtor in non-bankruptcy proceedings, and both Judge Kahn and Judge Norton held that they could not deny relief from the automatic stay just because the proofs of claim were not filed. They did not rule, however, that there is an absolute right to assert the counterclaims.

This Court does not have to decide whether Sanwa has the right to assert a counterclaim or whether it has the right to a setoff in order to settle the present dispute because Sanwa will be able to present its setoff claim in the bankruptcy proceeding. Instead, the Court must determine whether the bankruptcy or the non-bankruptcy forum is more appropriate for

adjudicating the claim.[1] In doing so, it must evaluate some countervailing considerations before relief from stay may be granted. On one hand, Sanwa must be able to defend itself adequately in the District Court action. On the other, the automatic stay protects Debtor from expending energy and resources litigating claims in other forums, *In re International Endoscope Mfrs., Inc.,* 79 B.R. 620, 622 (Bankr. E.D.Pa.1987), and this protection should not be casually set aside. Additionally, other creditors share claims to the money that Sanwa is attempting to set off against the potential judgment debt, so that any right to setoff must be carefully analyzed, *International Endoscope Mfrs.,* 79 B.R. at 621; *In re Lessig Construction, Inc.,* 67 B.R. 436, 441 (Bankr.E.D.Pa.1986). To balance these policy considerations, other courts have used the following three-part test:

> [Whether] a) [a]ny "great prejudice" to either the bankrupt estate or the debtor will result from continuation of a civil suit,
>
> b) the hardship to the [non-bankrupt party] by maintenance of the stay considerably outweighs the hardship of the debtor, and
>
> c) the creditor has a probability of prevailing on the merits of his case.

*In re Pro Football Weekly,* 60 B.R. 824, 826 (N.D.Ill.1986) (quoting *In re Bock Laundry Machine Co.,* 37 B.R. 564, 566 (Bankr.N.D.Oh.1984)). The Court shall apply this test to the facts at hand.

### A. Prejudice to the Estate by Allowing the Counterclaim

Initially, Debtor contends that allowing Sanwa to assert its counterclaim in the District Court action will cause "great prej-udice" to the estate by forcing Debtor to defend a multiplicity of claims in different forums, resulting in duplicated effort and increased costs. Debtor initiated the piecemeal litigation, however, by choosing to file its complaint in District Court instead of in an adversary proceeding in this Court. This is not to say that Debtor was not justified in initiating the District Court action, for it was certainly entitled to pursue an action at law for damages. On the other hand, Debtor is not in a position to assert that Sanwa's actions will prejudice the estate when Debtor's own actions have caused the alleged harm.[2]

Debtor also alleges that other creditors who may find Sanwa's setoff claim objectionable, as well as the U.S. Trustee, who represents the interests of unsecured creditors, will be unable to participate in the District Court proceedings and will therefore be prejudiced. Sanwa responds that these parties are not proper parties in interest to object to the setoff claim even in Bankruptcy Court. This is an overbroad generalization. While the general rule is that secured creditors must object to the claims of other creditors through the appointed trustee in a Chapter 11 proceeding, rather than asserting their own objections, *In re Dominelli,* 820 F.2d 313, 317 (9th Cir.1987); *In re Savidge,* 57 B.R. 389, 392 (D.Del.1986); *In re Parker Montana Co.,* 47 B.R. 419, 421 (D.Mont.1985), the rule is not an ironclad one. For example, the general rule does not apply to secured creditors whose security interests are directly at stake, *Savidge,* 57 B.R. at 392; *Parker Montana Co.,* 47 B.R. at 421–422; *see also Dominelli,* 820 F.2d at 317.

---

**1.** For this reason, *In re Barry P. Parker's, Inc.,* 33 B.R. 115 (M.D.Tenn.1983), cited by Sanwa along with *Central* and *Ford,* is of little help in the present case. The simple conclusion in that case is that the creditor is allowed to assert setoff, therefore it should be allowed to assert its counterclaim. Instead of debating the question before this Court—whether the setoff issue should be determined in bankruptcy court or in a non-bankruptcy court—it assumes that the setoff issue will be handled in state court, and it analyzes the right to setoff alone.

**2.** It is true that Sanwa magnified the hardship to Debtor by asking for change of venue, resulting in the case's transfer to the Northern District of Illinois. Just as Debtor had the right to bring a suit for damages in non-bankruptcy court, however, Sanwa had the right to ask for a change of venue, and the District Court determined that the transfer was appropriate. This should not be held against Sanwa when considering prejudice to the estate.

Moreover, no Chapter 11 trustee has been appointed in this case, and Debtor is administering the estate as debtor-in-possession. The above-cited case law is therefore not instructive in the present situation, where there is no objective third party at the helm of the estate to moderate potential objections to the claims of creditors. In fact, there is support for the proposition that a creditor is not required to ask the debtor in possession to take appropriate action before he can object to the claim of another creditor, *In re Charter Co.*, 68 B.R. 225, 228 (Bankr.M.D.Fla.1986).

While a creditor is not required to ask the debtor in possession to assert an objection to a claim, in the present case Debtor will oppose the setoff counterclaim in District Court if the counterclaim is allowed. It is clear that in its opposition Debtor also will be promoting the interests of the creditors, because if Sanwa is successful in its setoff claim there will be no assets remaining to distribute to these creditors. It is also clear that as long as Debtor and the other creditors share the same concerns regarding the counterclaim, Debtor will zealously and adequately represent all parties in challenging the counterclaim. There is the possibility that the other creditors have additional motivations in opposing the counterclaim and will harbor objections that Debtor will not voice, but it is not a substantial possibility that would weigh heavily against any prejudices to Sanwa if Sanwa is not allowed to pursue the counterclaim.

More substantial is the possibility that Debtor may be precluded from bringing an adversary proceeding in Bankruptcy Court to equitably subordinate the setoff claim. The Court may decide to subordinate Sanwa's claim if Sanwa has engaged in inequitable conduct, if that conduct has injured creditors or given unfair advantage to Sanwa, and if subordination of the claim is not inconsistent with the Bankruptcy Code, *In re N & D Properties, Inc.*, 799 F.2d 726 (11th Cir.1986); *In re Fargo Financial, Inc.*, 80 B.R. 247 (Bankr.N.D. Ga.1987). In the event that the District Court in its verdict decides to reduce the amount of Debtor's recovery (if a recovery is forthcoming) by the amount of the setoff claim, however, the setoff claim would be taken off the top, ahead of the claims of other creditors. This could happen even if Sanwa is guilty of misconduct that would justify subordination. The resulting prejudice to Debtor and to the other creditors counsels against Sanwa's motion for relief from stay.[3]

### B. Hardship to Sanwa by Maintaining the Stay

To counterbalance Debtor's claims of prejudice, Sanwa alleges that maintaining the automatic stay and precluding Sanwa from asserting its counterclaim imposes hardship by denying Sanwa the opportunity to defend itself completely in the District Court action. Where the creditor has filed a proof of claim with the Bankruptcy Court, as Sanwa did in the present case, the right to present the setoff claim may be vindicated in the bankruptcy proceeding, however. Thus, the stay does not deprive Sanwa of the opportunity to bring its claim, but rather compels Sanwa to bring it in the Bankruptcy Court. This would not cripple Sanwa's attempts to deny Debtor's allegations of breach of contract and duty, and its allegations of fraud, because the issue of setoff is a related but separate matter which may be considered in either forum.

Sanwa also contends that it would be more efficient to resolve all of the claims surrounding the disputed contract in a single proceeding before the District Court,

**3.** Debtor's other assertions of "great prejudice" are of no consequence. Debtor contends that the District Court in Illinois will have more difficulty in applying Georgia law than would this Court, but neglects to consider the parties' agreement under contract to resolve disputes using the law of the state of Illinois. As a result of this agreement, the Illinois court is actually in a better position to adjudicate the state law claims of the parties than is this Court. Debtor also contends that asserting the setoff claim in District Court constitutes an assertion of affirmative relief against the estate. The contention is misleading. Sanwa has the limited right to assert the setoff claim as a counterclaim to Debtor's complaint to the extent that the balancing factors justify it, and Sanwa has the general right to assert setoff against the estate as long as the requirements of Bankruptcy Code § 553 are met.

see *In re Pro Football Weekly*, 60 B.R. at 826. Debtor answers that resolution of the matter in a single proceeding is impossible because its future action to subordinate the setoff claim must be heard in the Bankruptcy Court (as a core proceeding under 28 U.S.C. § 157(b)(2)(K)). Sanwa's response is that issues of misconduct litigated in the District Court in support of Debtor's breach of conduct, breach of duty and fraud claims will be res judicata and will not need to be reheard in Bankruptcy Court to determine the equitable subordination matter.

█ The res judicata issue is not currently ripe for decision, but for present purposes a cursory analysis indicates that it is not a factor in determining which court should hear the setoff claim. Res judicata, or claim preclusion, bars parties to a judgment from relitigating the same claim when the following elements are present: (1) there must be a final judgment on the merits; (2) the decision must be rendered by a court of competent jurisdiction; (3) the parties, or those in privity with them, must be identical in both suits; and (4) the same cause of action must be involved in both cases, *I.A. Durbin, Inc. v. Jefferson Nat. Bank*, 793 F.2d 1541, 1549 (11th Cir.1986). In the present situation the fourth element would not be met because the District Court claim and the equitable subordination claim are fundamentally different. In the District Court action Debtor is asking for monetary relief pursuant to state tort and contract law, while in the equitable subordination proceeding it will request this Court's equitable intervention to prioritize claims based on federal bankruptcy law and on the Court's discretion.

█ Collateral estoppel, or issue preclusion, prevents relitigation of issues of fact or law that had been decided in a prior suit. It also has four prerequisites: (1) the issue at stake must be identical to the one involved in the prior litigation; (2) the issue must have been actually litigated in the prior suit; (3) the determination of the issue in the prior litigation must have been a critical and necessary part of the judgment in that action; and (4) the party against

whom the earlier decision is asserted must have had a full and fair opportunity to litigate the issue in the earlier proceeding, *Id.* It is possible that Debtor's proof of breach of contract, breach of duty, or fraud and the damages flowing therefrom may also establish inequitable conduct that might have injured creditors, as required for equitable subordination to be applied; and therefore Debtors could be estopped from relitigating these matters in a bankruptcy proceeding. However, this Court would still have to evaluate the equities of the situation and use its discretion in deciding whether or not to subordinate Sanwa's claim. *See Bankers Life and Casualty Co. v. Kirtley*, 338 F.2d 1006 (8th Cir.1964). As a result, it would not be more efficient for Sanwa to assert the setoff claim as a counterclaim in the District Court action because the claim will be evaluated in the Bankruptcy Court anyway. An alternate possibility is that Debtor might be precluded altogether from bringing the equitable subordination claim, as discussed previously. In that event the prejudice to Debtor would outweigh these concerns about efficiency.

Finally, Debtor points out that Sanwa's setoff claim is not even ripe for consideration, for Sanwa has not liquidated the accounts receivable that it obtained after this Court granted Sanwa's earlier motion for relief from stay. Correspondingly, Sanwa has not asked for a deficiency judgment for the amount of its claim not satisfied by these accounts receivable. As a result, Sanwa has not determined the amount of the claim that it wants to assert in District Court. It would be inappropriate to release the claim to the District Court before these findings are made.

C. Likelihood of Success on the Merits

Before addressing the third consideration for lifting the automatic stay, whether Sanwa's counterclaim is likely to succeed on its merits, it is important to note that this Court is not being asked to rule on the setoff claim itself, and therefore will make only a cursory examination of the issues to determine if the claim is viable or futile. With that in mind, the relevant provision of

§ 553 allows a creditor to "offset a mutual debt owing by such a creditor to the debtor that arose before the commencement of the case under this title against a claim of such creditor against the debtor that arose before the commencement of the case ...," 11 U.S.C. § 553(a) (1989), to the extent that the setoff is allowed by nonbankruptcy law, 4 *Collier on Bankruptcy* ¶ 553.02 (15th ed. 1989), and subject to the exceptions in § 553 (not raised by Debtors in this proceeding).

Debtor asserts that the debt owed by Sanwa arose both before and after the commencement of the case, because Sanwa is guilty of both prepetition and postpetition misconduct. An overview of Debtor's "Third Amended and Restated Complaint for Damages and Petition for Declaratory Judgment," filed with the Northern District of Illinois, reveals no postpetition misconduct, however. Debtor complains only of prepetition misrepresentations, a prepetition termination of financing, and prepetition statements to liquidators. Even if Debtor had included allegations of postpetition misconduct, Sanwa could assert its claim as one for recoupment rather than for setoff. Recoupment claims are not limited by the requirements of § 553, and need only arise from the same transaction as Debtor's cause of action, 4 *Collier* ¶ 553.03 (15th ed. 1989). In the present case, both Sanwa's claim and Debtor's cause of action arise from the same contract, and therefore from the same transaction, even though one is based in tort law and the other is based in contract law, *Dill v. Federal Savings & Loan Insurance Corp.*, 678 F.Supp. 1404, 1406 (E.D.Ark.1988); *Sun Shipbuilding & Dry Dock Co. v. Virginia Electric and Power Co.*, 69 F.R.D. 395 (E.D.Pa. 1975). It therefore appears that Sanwa's counterclaim, whether asserted as a setoff or as a recoupment, is a viable one.

## CONCLUSION

Though the setoff claim appears to be a viable one, Sanwa has failed to show this Court that its hardship from the maintenance of the automatic stay would considerably outweigh the hardship to Debtor from lifting the stay. Specifically, if San-

wa is allowed to pursue the setoff as a counterclaim in the District Court action, it may preclude Debtor from subordinating that claim in a later equitable subordination proceeding in this Court. Sanwa is not precluded from pursuing the setoff claim in a later adversary proceeding in this Court. Accordingly, it is

ORDERED that Sanwa's motion for relief from automatic stay is DENIED.

IT IS SO ORDERED.