In re SOUTH OAKES FURNITURE, INC., Debtor.

**Bankruptcy No. 93–53812.**

United States Bankruptcy Court, M.D. Georgia, Macon Division.

May 12, 1994.

James J. Daly, Jr., Warner Robins, GA, for debtor.

Sarah S. Harris, Macon, GA, for Movant.

Patricia Garrett, U.S. Trustee's Office, Macon, GA, for U.S. trustee.

## MEMORANDUM OPINION

JAMES D. WALKER, Bankruptcy Judge.

This matter comes before the Court on Motion For Relief From Stay filed by Goshen Realty, through its agent, Bristol Properties Corporation, ("Movant"), a creditor in this Chapter 11 case. This is a core matter pursuant to 28 U.S.C. § 157(b)(2)(G). Based on the evidence presented and arguments of counsel, the Court will grant the Motion for Relief from Stay. These findings of fact and conclusions of law are published pursuant to Fed.R.Bankr.P. 7052.

### FINDINGS OF FACT

In November of 1992, the Debtor entered into an agreement to lease a retail store building at Pio Nono Avenue in Macon, Georgia from the owner of the real estate, Goshen Realty. The lease was guaranteed personally by Mr. Pete Brigman, a principal of the Debtor corporation. When the Debtor failed to make its April, 1993 payment, the movant, in behalf of the owner Goshen Realty, notified the Debtor of the default. The Debtor vacated the premises on May 2, 1993.

The property was relet on December 1, 1993. Movant has filed a suit against the Debtor seeking damages for the breach of the lease agreement in the amount of the unpaid rent plus late payment penalties and attorney's fees. That suit is pending in the Superior Court of Bibb County as Civil Action No. 93–CV–01512. The amount claimed by the Movant in the suit is $25,945.89.

Mr. Brigman, in behalf of the Debtor corporation, talked with Mr. Andrew Mashinski, a representative of the Movant, regarding complaints about the quality of the premises. In particular, Mr. Brigman complained about water problems, uncompleted wiring and debris falling from the ceiling. The lease agreement provided that all notices should be in writing. No written notice of these defects was given to either Goshen Realty or the Movant.

The Movant filed a motion for summary judgment in the state court case. The Debtor has defended the suit and the motion for summary judgment by asserting a constructive eviction claim. This Chapter 11 case was filed on December 23, 1993. The state court action has been stayed since that date. The Movant has requested that the Court grant relief from the automatic stay so that it might pursue the state court action to conclusion. The parties acknowledge that any stay relief granted pursuant to Movant's request would be limited to the liquidation of the claim and not to the enforcement of any judgment which might be obtained.

### CONCLUSIONS OF LAW

Relief from stay may be granted pursuant to 11 U.S.C. § 362(d), which provides:

(d) On request of a party in interest and after notice and a hearing, the court shall grant relief from the automatic stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay ...

(1) for cause, including the lack of adequate protection of an interest in property of such party in interest; or

(2) with respect to a stay of an act against property under subsection (a) of this section, if ...

(A) the debtor does not have an equity in such property; and

(B) such property is not necessary to an effective reorganization.

11 U.S.C. § 362(d) (Law.Co-op.1994).

■ Movant proceeds under 11 U.S.C. § 362(d)(1), which allows this Court to grant relief from stay for "cause". Cause is not defined in the Bankruptcy Code, and must be determined on a case by case basis. *In re Mac Donald,* 755 F.2d 715 (9th Cir.1985).

■ The purpose of the automatic stay provisions of the Bankruptcy Code is to facilitate the orderly resolution of claims against the estate by protecting the debtor from piecemeal dismemberment. In light of this purpose, courts have noted that Congress envisioned circumstances "where it would be more appropriate to permit proceedings to continue in their original place of origin when no *great prejudice* [emphasis supplied] to the bankruptcy estate will result." *In re Makarewicz,* 121 B.R. 262, 264 (Bankr.S.D.Fla. 1990) citing *Matter of Holtkamp,* 669 F.2d

505 (7th Cir.1982); S.Rep. No. 989, 95th Cong., 2nd Sess. 50, U.S.Code Cong. & Admin.News 1978, pp. 5787, 5836. The test developed by courts to determine if it is appropriate to lift the automatic stay and allow the continuation of lawsuit pending in state court is whether:

> a) Any "great prejudice" to either the bankrupt estate or the debtor will result from continuation of a civil suit,
>
> b) the hardship to the [non-debtor party] by maintenance of the stay considerably outweighs the hardship to the debtor, and
>
> c) the creditor has a probability of prevailing on the merits of his case.

*In re Pro Football Weekly, Inc.,* 60 B.R. 824, 826 (N.D.Ill.1986) citing *In re Bock Laundry Machine Co.,* 37 B.R. 564, 566 (Bankr. N.D.Ohio 1984); *In re Video Cassette Games, Inc.,* 108 B.R. 347 (Bankr.N.D.Ga.1989).

The first hurdle of the *Pro Football* test requires this court to consider whether any "great prejudice" to the estate will be suffered by allowing the state court action to proceed. This Court is satisfied that no such prejudice will result from lifting the stay.

This Court has the authority to modify and condition the automatic stay. 11 U.S.C. § 362(d) (Law.Co-op.1994). Therefore, this Court may allow the state court action to proceed to judgment without allowing Movant to execute its judgment. By modifying the automatic stay to allow Movant to liquidate its claim against the debtor in state court, Movant would have no advantage over other creditors of the estate.

Movant is ready to proceed with its cause of action, whether in an adversary proceeding before this Court or in the prior pending state court action. There is a motion for summary judgment pending in state court. If that motion is granted, Movant will have expeditiously reduced its claim to judgment. If the motion is not granted, the state court is familiar with the facts and law regarding Movant's claim and can conduct a trial of the case. *Garland Coal & Mining Co. v. United Mine Workers of America,* 778 F.2d 1297, 1304 (8th Cir.1985) (the law to be applied in a cause of action is a relevant consideration to relief from stay); *Pursifull v. Eakin,* 814 F.2d 1501, 1506 (10th Cir.1987) (relief from stay is appropriate where a state court action is pending and the issues to be decided are based on state law). Regardless of whether summary judgment or trial results, judicial economy is served by allowing the state court action to proceed to judgment. *Packerland Packing Co. v. Griffith Brokerage Co. (In re Kemble),* 776 F.2d 802 (9th Cir.1985); *Harris v. Fidelity & Deposit Co. (In re Harris),* 7 B.R. 284 (S.D.Fla.1980). Modifying the stay would also benefit the debtor by preventing the estate from incurring costs in relitigating issues already presented to a court of competent jurisdiction.

Finally, as to this first hurdle, the Court notes that Movant's action is pending in the Superior Court of Bibb County. This is the same county in which this court sits. This indicates that there would be no forum nonconveniens considerations.

The second hurdle of the *Pro Football* test requires this Court to weigh the hardship to Movant by maintenance of the stay against the hardship to the debtor. The fact that Movant proceeds against both the debtor and a third-party guarantor is highly relevant to this inquiry.

"Actions which ... involve the rights of third parties often will be permitted to proceed in another forum." 2 L. King, Collier on Bankruptcy, ¶ 362.07 at 362–70–71 (15th Ed.1993); citing *Sovran Bank, N.A. v. Anderson,* 743 F.2d 223 (4th Cir.1984). The jurisdiction of this Court over Debtor's guarantor is problematical[1], and without jurisdiction over the guarantor, the rights of all parties cannot be finally adjudicated. The pending state court action seems to have

---

1. Proceedings involving the guarantor would be non-core "related to" proceedings. As such, this Court could not render a final determination regarding the rights of the various parties without consent. 28 U.S.C. § 157(c)(1) (Law.Co-op. 1994). This Court might be limited to proposing findings of fact and conclusions of law to the District Court for de novo review. This process would be time consuming and comparatively inefficient when a state court of competent jurisdiction is poised to review the matter and determine the rights of the various parties in a single proceeding.

personal jurisdiction over all the necessary parties, has already been initiated, and involves issues of state law. Forcing Movant to separately relitigate the same issues in an action against the guarantor creates a hardship on Movant which is not matched by any hardship Debtor would experience by having to defend the action in state court. Moreover, allowing the action to proceed in state court will adjudicate the rights of all parties thus preventing future costs to the estate for contribution actions.

The third and final hurdle of *Pro Football* is that Movant must demonstrate a probability of prevailing on the merits of the case. This Court need not decide whether Movant will prevail in its claim, only whether Movant has demonstrated a *probability* of success.

The facts regarding the alleged breach of contract are not in dispute. Neither party disputes that the contract was breached, and that Movant was eventually able to obtain another tenant. The only issue is whether Debtor's claims of constructive eviction are sufficient to void the lease obligation.

The contract entered into between Debtor and Movant, provided that notice of any defects was to be given in writing. The parties stipulate that no written notice was given. Therefore, this Court finds that Movant has demonstrated a probability of success on the merits sufficient to warrant modification of the automatic stay provisions of 11 U.S.C. § 362 to allow Movant to reduce its claim to judgment.

Having found that the elements of the *Pro Football* test are satisfied, the Court further finds that Movant has carried its burden of showing "cause" for modification of the automatic stay. *In re CLC of America, Inc.,* 68 B.R. 512 (Bankr.E.D.Mo.1986).

An order in accordance with this memorandum opinion will be entered.

## *ORDER*

In accordance with the Memorandum Opinion entered this date, it is hereby

ORDERED that Movant and all other parties to the action pending in the Bibb County Superior Court, Civil Action No. 93–CV–01512, are relieved from the provisions of 11 U.S.C. § 362, to the extent necessary, to permit them to prosecute their claims for liability against all parties, including Debtor. The stay continues in effect as to the enforcement of any judgment obtained in the state court as against the Debtor.

SO ORDERED.