In re Jackie G. WILLIAMS, Patricia A. Williams, Debtors,

Circle B Enterprises, Inc., Debtor.

Samuel P. Scott, Movant,

v.

Jackie G. Williams, Patricia A. Williams, Respondents,

Circle B Enterprises, Inc., Respondent.

Nos. 03–70974, 03–71461.

United States Bankruptcy Court, M.D. Georgia, Valdosta Division.

Dec. 8, 2003.

David E. Mullis, Valdosta, GA, for Debtors.

## MEMORANDUM OPINION

JOHN T. LANEY, III, Bankruptcy Judge.

On November 24, 2003, the Court held the final day of a multi-day hearing on two Motions of Samuel P. Scott ("Movant") for Relief from the Automatic Stay. The main issue was whether Movant should be granted relief from the stay for cause to pursue his state court action against Jackie and Patricia Williams and Circle B Enterprises, Inc. ("Circle B") (collectively "Respondents"). At the conclusion of the hearing, the Court took the matter under advisement. The Court has considered the evidence, the parties' briefs and oral arguments, as well as applicable statutory and case law. Under the test set out in *In re South Oakes Furniture, Inc.,* 167 B.R. 307 (Bankr.M.D.Ga.1994) (J. Walker), the Court finds that cause has been shown and Movant should be granted relief from the stay. *Id.* at 309 (citing *In re Pro Football Weekly, Inc.,* 60 B.R. 824, 826 (N.D.Ill. 1986)).

### THE PARTIES' CONTENTIONS

Movant contends that relief should be granted because all three prongs of the *South Oakes Furniture* test favor granting the relief sought. *Id.* Movant urges that no great prejudice will occur to Respondents' and their bankruptcy estates if the case is allowed to proceed in state court. Further, Movant contends that the hardship to Movant of starting over again in Bankruptcy Court would considerably out-

weigh any hardship suffered by Respondents if the case proceeds in state court. Finally, Movant argues based on the record that he has a probability of prevailing on the merits of his case.

Respondents contend that the debtors and the two bankruptcy estates will suffer great hardship if the case continues in state court. Not only do Respondents contend that the costs will be higher in Atlanta, Respondents allege they will not receive fair treatment in Fulton County Superior Court ("Superior Court"). Respondents cite the special setting of the trial, which they contend took their litigation attorney by surprise, as an example of the potential for unfair treatment. Further, Respondents contend they were not ready for trial because Movant had not returned Respondents' business documents in time for Respondents' expert witness to review them adequately. Respondents contend that the hardship to Movant if the matter is moved to the Bankruptcy Court will not outweigh the burden on Respondents if the matter is left in state court. Respondents argue that the Bankruptcy Court would provide an efficient and orderly forum to litigate and liquidate all claims against the bankruptcy estates, including alleged additional lawsuits that may or may not have already been filed against Respondents. Last, Respondents argue, based on a number of legal arguments, that Movant does not have a probability of prevailing on the merits.

### FINDINGS OF FACT

Jackie and Patricia Williams have been involved with companies doing business in the mobile home and/or manufactured home industry since the late 1950's. While the specifics are disputed, a series of events took place during the years 2000 and 2001 involving Jackie Williams and actions he preformed as a principal in two companies named Sweetwater and Apple Valley, as well as transfers that Jackie Williams personally made to Patricia Williams. Movant was a minority shareholder in Sweetwater. A legal merger of the Sweetwater and Apple Valley entities never occurred. However, the accounting of the two companies were combined under the name Sweetwater at the end of 1999 and/or the beginning of 2000. Subsequent to the accounting merger, all assets were transferred out of Sweetwater and eventually ended up as assets of Circle B, a corporation later formed by Jackie Williams.

These events led to Movant filing suit against Jackie and Patricia Williams in Superior Court, located in Atlanta, Georgia. At a later date, Circle B was added as a defendant to the action. Pre-trial activities were conducted for over one and a half years in the state court action. Without argument by Respondents' litigation attorney, the matter was specially set for trial in June 2003. Counsel for Movant has agreed to seek a final pretrial order from the Superior Court before proceeding to set the case for trial if this Court grants his request for relief from the stay.

Jackie and Patricia Williams filed for relief under Chapter 11 of the United States Bankruptcy Code ("Code") on June 17, 2003 in the Middle District of Georgia, Valdosta Division. The filing of the petition instituted an automatic stay, which prohibited the trial from proceeding in Superior Court on the assigned date. Movant filed a motion for relief from the stay in Jackie and Patricia Williams' bankruptcy case on July 24, 2003 and asked this Court to determine that the automatic stay did not apply to Circle B. On September 12, 2003, the day Movant's motion was set for hearing in this Court, Circle B filed for relief under Chapter 11 of the Code in the same district and division as Jackie and Patricia Williams. The hearing was con-

tinued until a later date so Movant could file a motion for relief from the stay in the Circle B case, allowing for both motions to be heard at the same time. The Court held the hearing over a number of days, which concluded with closing arguments on November 24, 2003.

### CONCLUSIONS OF LAW

■ As an initial matter, the party opposing a motion for relief from the stay bears the burden of persuasion on all issues except as to equity. *See* 11 U.S.C. § 362(g) (1993 & Supp.2002). Therefore, Respondents bear the burden to show that relief should not be granted.

■ The Court agrees that the test to be applied here is as articulated in *South Oakes Furniture. South Oakes Furniture*, 167 B.R. at 309. "The test developed by courts to determine if it is appropriate to lift the automatic stay and allow the continuation of [a] lawsuit pending in state court is whether: a) Any 'great prejudice' to either the bankrupt estate or the debtor will result from the continuations of a civil suit; b) the hardship to the [non-debtor party] by maintenance of the stay considerably outweighs the hardship to the debtor; and c) the creditor has a probability of prevailing on the merits of his case." *Id.*

■ Respondents have not presented evidence which would persuade the Court to believe that the burden on Respondents to continue in state court would outweigh the hardship to Movant if he were required to start over again in Bankruptcy Court. Except for the issue of dischargeability of a possible judgement in favor of Movant, this is a complicated matter of state law. The issue of dischargeability can be determined by this Court at a later date once the claim is liquidated in the state court proceeding. Adversary Proceedings are pending in both Chapter 11 cases and this Court will determine the res judicata effect of any findings in the state court action. Both Movant and Respondents have already invested almost two years of time on this matter in state court. Now that Respondents have had time to prepare their expert witness, the matter is poised for trial in Superior Court.

■ Last, under the third prong of the test set out in *South Oakes Furniture*, Respondents have failed to refute the evidence put on by Movant. *Id.* As the court in *South Oakes Furniture* stated, the third prong does not require this Court to determine that Movant will prevail on his claims. *Id.* at 310. It only requires that a "probability of success" has been demonstrated. *Id.* Respondents do not dispute that Sweetwater's assets became Circle B's assets through actions taken by Jackie Williams and that certain transfers from Jackie Williams to Patricia Williams did occur. The issue of whether these transfers are enough for Movant to actually prevail should not, on a motion for relief, be decided by this Court. The issue should be left for the state court where litigation has already started.

This Court does not find grounds to keep the automatic stay in effect, which would require Movant to start over in Bankruptcy Court with his lawsuit. Respondents have not met their burden as spelled out in the Code and under the test in *South Oakes Furniture*. *See* 11 U.S.C. § 362(g)(1993 & Supp.2002); *South Oakes Furniture*, 167 B.R. at 309. Therefore, the Court will grant Movant's Motion for Relief from the Automatic Stay in both cases. An order in accordance with this Memorandum Opinion will be entered.