Workmen's Compensation Act. By section 4912, Kentucky Statutes, it is provided that such claims shall have the same priority for the whole thereof as is allowed by law "for any unpaid wages for labor." By section 2488 it is provided that the lien of employees for wages becoming due within six months before the property or effects of any mine shall in any wise be distributed among creditors, as provided in section 2487, shall be "superior to the lien of any mortgage or other incumbrance theretofore or thereafter created." The position taken on behalf of plaintiffs is that their lien is not an "other encumbrance" within the meaning of the statute. It seems that it is. Such would be the case if it were a mere statutory lien under sections 2316 and 2317. There is no conflict between this provision in section 2488 and the superior lien given by them. But plaintiffs' lien is not a mere statutory lien. It is a contract lien. It is provided for in the lease, and was so claimed in the petition.

I am constrained to hold that the workmen's compensation claims are entitled to priority.

PATTERSON, District Judge.

The bankrupt made an offer of composition which came before the court for confirmation. One Segal, who describes himself as "a person interested in the estate" of the bankrupt, filed specifications in opposition to confirmation. The bankrupt moves to dismiss the specifications on the ground that Segal is not a creditor.

It appears without dispute that Segal is not a creditor of the bankrupt. He is a stockholder, or a former stockholder. The rule is, and ought to be, that only creditors may oppose confirmation of a composition. Remington on Bankruptcy, § 3102; Ross v. Saunders (C. C. A.) 105 F. 915; see, also, General Order 32. They are the only persons prejudiced by the discharge which goes along with a confirmed composition. For such wrongdoing as is attributed to the bankrupt or its officers in the specifications, Segal, if still a stockholder, has ample remedy by suit in equity.

The motion to dismiss the specifications will be granted.

## In re DOWNTOWN WET WASH LAUNDRY, Inc.

District Court, S. D. New York.
July 31, 1931.

Horace London, of New York City, for bankrupt.

Jacob M. Mandelbaum, of New York City, for Max Segal.

## PHILIPSBORN v. UNITED STATES.
No. H–239.

Court of Claims.
Oct. 20, 1931.

