**In re WILSON FOODS CORPORATION, Williams Meat Company, Inc., Fischer Packing Company, and Wilson Certified Express, Inc., Debtors.**

**OFFICIAL EQUITY SECURITY HOLDERS' COMMITTEE, James J. Kohout, Jr., Joseph P. Smith, Jr., Susanne M. Smith, Anthony Ben Walsh and Roger E. Blank, Plaintiffs,**

v.

**WILSON FOODS CORPORATION, Williams Meat Packing Company, Inc., Fischer Packing Company, and Wilson Certified Express, Inc., Defendants.**

**Official Unsecured Creditors' Committee, Intervenor.**

**Bankruptcy Nos. BK–83–01034–A, BK–83–01038–A to BK–83–01040–A. Adv. No. 84–0549.**

United States Bankruptcy Court, W.D. Oklahoma.

Jan. 24, 1985.

---

P.C., Detroit, Mich., for Official Unsecured Creditors' Committee, intervenor.

## DECISION AND ORDER

RICHARD L. BOHANON, Bankruptcy Judge.

James J. Kohout, Jr., Joseph P. Smith, Jr., Susanne M. Smith, Anthony Ben Walsh and Roger E. Blank have requested an order substituting them for the Official Equity Security Holders' Committee as plaintiffs in this proceeding.

The facts are simple and the issues narrow. In early 1984 a plan of reorganization was confirmed in the bankruptcy cases. On the last day allowed by 11 U.S.C. § 1144 the committee filed its complaint requesting revocation of the order of confirmation. On that same date the court granted the committee's motion that it be reappointed.[1]

The defendants moved to vacate the order reappointing the committee and to dismiss the complaint. Upon consideration of that motion the Court vacated the order and concluded that since the committee no longer had an existence, *de jure*, it could not be a real party in interest. As required by Rule 17(a), Fed.R.Civ.P. adopted in bankruptcy proceedings by Rule 7017, F.R. Bankr.P., notice was then given allowing a reasonable time for ratification, joinder or substitution of real parties in interest. The motion under consideration is made pursuant to that rule. Walsh is an equity security holder of Wilson Foods Corporation and the other movants are creditors.

Defendants contend that the motion is time barred; that it does not relate back to the date of filing the complaint; that movants are not real parties in interest; and that the complaint does not allege fraud with requisite specificity.

Rule 17(a) was amended in 1966 to add the final sentence which provides in perti-

Edwin A. McCabe, Deborah L. Thaxter and Kathleen M.K. Brahn of McCabe/Gordon, P.C., Boston, Mass., for plaintiffs.

G. Blaine Schwabe, III, of Mock, Schwabe, Waldo, Elder, Reeves & Bryant, Oklahoma City, Okl., Roy H. Carlin, of Reavis & McGrath, New York City, James P. Linn and B.J. Rothbaum, Jr. of Linn & Helms, and Reef C. Ivey, II, Oklahoma City, Okl., for debtor-defendants.

Stuart E. Hertzberg and I. William Cohen of Hertzberg, Jacob & Weingarten

---

1. The motion to reappoint the committee was deemed made pursuant to 11 U.S.C. § 1102(a)(2) which does not require notice and hearing. It was later determined that the order granting it was improper since the order confirming the plan had discontinued the committee save for a specific, unrelated, purpose and in light of the finality of an order entered under 11 U.S.C. § 1141.

nent part that "... substitution shall have the same effect as if the action had been commenced in the name of the real party in interest." The additional language was intended to bring the Rule in keeping with existing practice as discussed in *Levinson v. Deupree,* 345 U.S. 648, 78 S.Ct. 914, 97 L.Ed. 1319 (1953). "The provision should not be misunderstood or distorted. It is intended to prevent forfeiture when determination of the proper party to sue is difficult as when an understandable mistake has been made." Fed.R.Civ.P. 17 advisory committee note (1966 amendment). In this case the conclusion that the committee was not the real party in interest required a full hearing and a decision by the Court.

Defendants' contention that the 180 day period allowed by section 1144 is absolute is correct. The complaint, however, was filed within the time allowed and the only issue is whether substitution of movants would relate back.

Defendants then argue that a determination saying substitution relates back would be an impermissible enlargement of the 180 day jurisdictional limit; and that Rule 17(a) is thus inapplicable. If such were the case the relation back portion of the Rule would have no meaning whatsoever for every statute of limitations constitutes a jurisdictional bar. We are not dealing with a late filed complaint but with one filed timely by an entity subsequently found not to be the real party in interest. Defendants rely upon *Del Re v. Prudential Lines, Inc.,* 669 F.2d 93 (2d Cir.1982) *cert. denied* 459 U.S. 836, 103 S.Ct. 81, 74 L.Ed.2d 77 (1982). In that case there was an attempt to ratify a complaint brought by an entirely different party, having a different claim, without any confusion over identity of the real party. The facts in *Del Re* are so dissimiliar from this case that it is not authority for defendants' proposition.

*In re Newport Harbor Assoc.,* 589 F.2d 20 (1st Cir.1978) is likewise inapposite for there the revocation complaint was brought 3 years after expiration of the jurisdictional period. The plaintiff argued that the oft heralded "equitable powers" of the bank-

ruptcy court and Civil Rule 60(b) should toll the statute. The Court of Appeals correctly said that fundamental policies of expedition and finality mean that section 1144 is the exclusive means to request revocation and its 180 day limit requires strict compliance. The issues presented by this motion are, however, entirely different and focus on Civil Rule 17(a) which *Newport* does not address. Other cases relied upon by defendants similiarly do not deal with the question of substitution after a timely filed complaint.

There can be no question that the time bar of 11 U.S.C. § 1144 is jurisdictional, but there also is no question that the language of Rule 17(a) is plain. It permits substitution within a reasonable time after a complaint is brought on timely by one subsequently determined not to be a real party in interest.

Defendants next argue that the motion to substitute plaintiffs doesn't relate back to the original complaint. In this regard they say Rule 17(a) cannot apply to a revocation complaint under 11 U.S.C. § 1144, for the 180 day time period is jurisdictional.

The Rules of Procedure, of course, cannot "... be construed to extend or limit the jurisdiction of the bankruptcy courts." Rule 9030, Fed.R.Bankr.P. See also Rule 82, Fed.R.Civ.P. and 28 U.S.C. §§ 2075 and 2072. And, the "... rules shall not be construed to extend or limit the jurisdiction of the United States district courts ..." *Snyder v. Harris,* 394 U.S. 332, 337, 89 S.Ct. 1053, 1057, 22 L.Ed.2d 319 (1969) *quoting, Sibbach v. Wilson & Co.,* 312 U.S. 1, 10, 61 S.Ct. 422, 424, 85 L.Ed.2d 479 (1941). This horn-book statement is applicable in bankruptcy proceedings where a rule may not bring about "... an abridgement or modification of substantive rights of the estate and an enlargement of the rights of fiduciaries." *In re King Resources Company,* 651 F.2d 1349, 1352–1353 (10th Cir.1981), *cert. denied,* 454 U.S. 881, 102 S.Ct. 370, 70 L.Ed.2d 195 (1982).

◼ The question is whether implementation of the relation back language of Rule 17(a), in the context of the facts of

this motion, extends the jurisdiction conferred by section 1144 of the Bankruptcy Code. We do not believe it does. It is clear that when it adopted the amendment to the Rule the Court was restating the practice which had developed in the federal courts as an outgrowth of procedures in admiralty. Wright & Miller, *Federal Practice and Procedure:* Civil § 1555. It is not as if it embarked upon some new extension of jurisdiction by use of the rule making authority but merely included salutary, existing jurisprudence in the black and white of the rules. See *Levinson v. Deupree, supra.*

In *Link Aviation, Inc. v. Downs,* 325 F.2d 613, 615 (D.C.Cir.1963) Judge Fahy, in an ante-amendment decision, allowed relation back upon substitution writing that "[a]ny other rule would be highly technical without meaningful purpose." For authority he relied upon a decision of the Court of Appeals for the Tenth Circuit which holds that substitution relates back to the original complaint without offending the jurisdictional time limitation. It says that "[t]o hold otherwise would be nothing less than a narrow and ill-grounded construction of the rules of civil procedure not in harmony with their intent and purpose." *American Fidelity & Casualty Co. v. All American Bus Lines, Inc.,* 190 F.2d 234 (10th Cir. 1951) *cert. denied,* 342 U.S. 851, 72 S.Ct. 79, 96 L.Ed. 642 (1951). We agree. The amendment to Rule 17(a) does not enlarge jurisdiction but merely recites the practice in effect at the time of its adoption.

The defendants then argue that substitution cannot relate back for the original plaintiff lacked standing. They ground this proposition upon the contention that when we vacated the order reappointing the plaintiff-committee it became as if no complaint had been filed. This theory overlooks the fact that the complaint was filed and that the vacation order was accompanied by another holding concomitantly that the committee was not the real party in interest, allowing the reasonable time for substitution required by Rule 17(a).

The argument advanced would enervate the Rule in all cases arising under it for in each case there is necessarily a finding that the original plaintiff is not the real party in interest. Furthermore, the facts presented here are not akin to those in the Advisory Committee's Note to the 1966 Amendment disapproving relation back to "John Doe" complaints or substitution by parties with entirely different interests. The interests of the committee and the movants are the same.

■ The next argument advanced in opposition to the motion is that movants, themselves, are not real parties in interest. The defendants say that movants may not request revocation of the plan since they did not oppose its confirmation. *Cf. In re Downtown Wetwash Laundry,* 53 F.2d 133 (S.D.N.Y.1931). *Downtown* says that the law then in effect provided that a shareholder could not oppose confirmation. It does not address the point whether a party may request revocation if he or she did not oppose confirmation.

This issue is answered by the Code. Section 1144 provides that "... a party in interest ..." may request revocation. Affidavits accompanying their request for substitution show that movants are equity security holders and creditors. They are clearly parties in interest and to say that objection to confirmation is a condition precedent to a request for revocation would be to say that there is no relief available for such parties who may discover fraud after confirmation of a plan. To hold with that proposition would be a result obviously unintended by section 1144.

■ The arguments are also made that since the creditor-movants have received partial payments under the plan of approximately ⅓ of their debts they are estopped, and that their debts are within the maxim *de minimus non curat lex.* Both theories ignore the fact that one of the movants is the holder of 30,298 shares of Wilson Foods Corporation having a present market value of approximately $300,000. The estoppel theory as to the creditor-movants would likely hold if their class had been paid in

full. Under the confirmed plan, however, their final payment is not due until March, 1988. Furthermore, section 1144 does not impose any condition of materiality upon who can request revocation, and we do not perceive any justification for this Court to do so by discretionary gloss. In any event the equity security holder-movant continues to hold his shares and no one contends his stake could be considered *de minimus*.

Defendants' final points are that the complaint, as subsequently amended, should be dismissed for failure to state a claim upon which relief can be granted; and that the amendment does not relate back to the date of filing the complaint. These issues will be considered as motions under Rules 7012 and 7015, Fed.Rules Bankr.P. and plaintiffs will be allowed 15 days to respond.

Accordingly, it is ordered that the motion to substitute plaintiffs is allowed and the substitution relates back to the date the original complaint was filed.