**In re Edward & Rosalie FELDMAN, Debtors.**

**ComBANC HOLDINGS CORP., Plaintiff,**

**v.**

**Edward FELDMAN & Rosalie Feldman, Defendants.**

**Bankruptcy No. 897–80388–478.**
**Adversary No. 897–8483–478.**

United States Bankruptcy Court,
E.D. New York.

Sept. 8, 1998.

Leshanski, O'Sullivan & Maybaum, LLP, by Gregory B. Maybaum, New York City, for ComBanc Holdings Corp.

Pryor Cashman Sherman & Flynn LLP, by Peter D. Wolfson, New York City, for Edward & Rosalie Feldman.

Cadwalader, Wickersham & Taft, by Geraldine E. Edens, Washington, DC, for Magna Funding Corp.

Allan B. Mendelsohn, Syosset, NY, Chapter 7 Trustee.

### DECISION CONDITIONALLY GRANTING MOTION BY COMBANC HOLDINGS CORP. TO APPROVE STIPULATION OF SETTLEMENT AGREEMENT

DOROTHY EISENBERG, Bankruptcy Judge.

This matter is before the Court pursuant to an adversary proceeding filed by ComBanc Holdings Corp. ("ComBanc") against Edward and Rosalie Feldman (the "Debtors") seeking to bar their discharge pursuant to 11 U.S.C. § 727(a)(4) and (a)(5). ComBanc has filed a motion seeking approval of a stipulation of settlement between ComBanc and the Debtors. The Debtors have objected to the motion, claiming that ComBanc lacks standing to bring the adversary proceeding because it is not a creditor of the Debtors. According to a recent decision by the District Court for the District of Maryland, Magna Funding Corporation ("Magna") is the true party in interest, with the requisite standing to have commenced this adversary proceeding. Based on the facts of this case, the Court finds that although Magna is the true party in interest, it is appropriate to permit Magna to substitute itself in place of ComBanc, or to permit ratification by Magna of ComBanc's actions in this adversary proceeding. Magna shall be granted ten days from the date of entry of an order in accordance with this decision to advise the Court of its intentions in this adversary proceeding.

### BACKGROUND AND FACTS

1. In the Fall of 1995, the Resolution Trust Company ("RTC") informed ComBanc that it was the successful bidder to purchase of portfolio of loan assets for approximately $3.3 million. The portfolio consisted of 113 commercial loans (the "Loan Assets") with a face value of $12.9 million. ComBanc gave the RTC an earnest money deposit of $35,056.06. Before the closing on the sale, ComBanc sought financing for the purchase from Magna. Magna apparently declined, but expressed an interest in purchasing the Loan Assets for its own benefit. On December 14, 1995, Magna purchased the Loan Assets from the RTC. ComBanc agreed to service the loan portfolio on behalf of Magna for a fee.

2. Included among the Loan Assets was the loan made to Feldman Realty & Management Corporation ("FRMC") and guaranteed by Edward and Rosalie Feldman, the Debtors in this case, in the original principal amount of $1,910,000 (the "Feldman Loan"). In January 1993, prior to Magna's purchase of the Loan Assets, the RTC obtained a judgment against FRMC and the Debtors on the Feldman Loan in the amount of $2,588,953 (the "Feldman Judgment").

3. Magna received possession of the original loan notes for all 113 loans, and continues to be in possession of same, including the loan note relating to the Feldman Loan.

4. On August 15, 1996, ComBanc caused the RTC to assign the Feldman Judgment to ComBanc, rather than Magna.

5. In September 1996, Magna learned that ComBanc was holding itself out as the

owner of the Loan Assets, including the Feldman Loan.

6. In December 1996, Magna sued ComBanc in the Maryland Action for a declaratory judgment that Magna was the owner of the Loan Assets and, among other things, had converted certain of the loan assets.

7. On its claim for conversion, Magna made a specific reference to two particular loan assets, one of which is the Feldman Judgment.

8. With respect to the Feldman Judgment, Magna claimed that ComBanc wrongfully converted the Feldman Judgment by accepting assignment of it from the RTC. Magna's cause of action for conversion seeks damages against ComBanc

9. On January 21, 1997, the Debtors filed a petition for relief under Chapter 7 of the Bankruptcy Code.

10. On February 28, 1997, ComBanc filed a notice of appearance as a creditor in the bankruptcy proceeding based on the Feldman Judgment.

11. On March 26, 1997, in connection with a motion by Magna in litigation between it and ComBanc for partial summary judgment as to the request for an accounting, the District Court for the District of Maryland stated in its decision that Magna was the owner of the Loan Assets. The District Court also granted Magna's motion for partial summary judgment for an accounting.

12. On August 28, 1997, ComBanc filed an adversary proceeding against the Debtors seeking to bar the Debtors' discharge under 11 U.S.C. Section 727(a)(4) and (5). The action was based on alleged discrepancies between the Debtors' prepetition representations and the statements made in the Debtors' bankruptcy schedules. In the complaint, ComBanc alleged that it had standing to bring the action as a result of the RTC's assignment of the Feldman Judgment to ComBanc.

13. On September 30, 1997, in response to the complaint, the Debtors filed a motion to dismiss the adversary proceeding. At a hearing held on November 13, 1997, the Court denied the Debtors' motion to dismiss the adversary proceeding and directed the Debtors to file an answer.

14. On November 25, 1997, the Debtors filed an answer to the complaint.

15. In January, 1998, the parties began discussing settlement of the adversary proceeding.

16. On January 16, 1998, counsel to the Debtors forwarded to ComBanc's counsel the final Settlement Agreement for signature. On January 19, 1998, the Settlement Agreement was returned to counsel to the Debtors, signed on behalf of ComBanc, with a cover letter confirming the understanding of the parties that counsel to the Debtors would obtain the necessary signatures and submit the Settlement Agreement to the Court for approval.

17. Pursuant to the terms of the Settlement Agreement, the Debtor agreed to pay to ComBanc $97,500 in full settlement of the adversary proceeding.

18. A copy of the fully executed Settlement Agreement was faxed to counsel to ComBanc on February 6, 1998.

19. On January 23, 1998, prior to the submission of the Settlement Agreement to this Court for approval, the Maryland District Court issued its memorandum decision in which it granted a motion by Magna for summary judgment on most of its claims against ComBanc, including its claim for conversion of the Feldman Judgment. In the memorandum decision, the Maryland District Court reiterated that Magna was the lawful owner of the Loan Assets, and that ComBanc's insistence that a non-assignment clause in a contract between RTC and ComBanc rendered the subsequent assignment of the Loan Assets to Magna ineffective lacked legal merit. (Maryland Decision, p. 7). On February 11, 1998, an order was entered based upon the Memorandum decision (the "Order").

20. In connection with the conversion by ComBanc of the Feldman Judgment, the Maryland District Court stated that "ComBanc tortiously converted the Feldman judgment by accepting assignment without immediately endorsing or assigning it to Magna." The Order further provides that "Magna's motion

for summary judgment on its claim for conversion of the [Feldman Judgment] is hereby GRANTED" and the Order includes a provision permanently enjoining ComBanc from taking any further actions regarding the Loan Assets.

21. On March 12, 1998, in response to the Order, ComBanc submitted a letter to this Court advising the Court of the decision of the Maryland District Court. In the March 12 letter, ComBanc's counsel stated that "based upon [the Maryland District Court] Order, neither ComBanc nor my firm will take any further action in the bankruptcy matter and in the adversary proceeding." Counsel to ComBanc went on to state that counsel to Magna had been advised of this adversary proceeding and a request was made to have Magna substituted in for ComBanc but counsel to Magna had not responded. Upon the Debtors' receipt of the March 12 letter, the Debtors discontinued their efforts to seek approval of the settlement between the Debtors and ComBanc.

22. On March 30, 1998, the Court settled a Notice of Proposed Dismissal of the adversary proceeding and set an objection deadline of April 17, 1998.

23. On April 15, 1998, the Maryland District Court so-ordered a stipulation between ComBanc and Magna (the "Magna Stipulation") which states in part as follows:

2. The parties agree and acknowledge that, pursuant to the Order, Magna has no right, title or interest in the loan asset referred to in Paragraph 7 of the Order and regarding the Judgment entered against Feldman Realty and Management Corporation, Rosalie Feldman and Edward Feldman (the "Feldman Loan").

3. Magna consents to ComBanc's continuation of the proceedings in the United States Bankruptcy Court for the District of New York regarding the Feldman Loan.

4. Magna acknowledges that ComBanc's prosecution of the debt owed pursuant to the Feldman Loan is not subject to the prohibitions set forth in Paragraphs 5 and 6 of the Order.

24. On April 16, 1998, the Court received a copy of the Settlement Agreement and a cover letter from counsel to ComBanc explaining that the parties had entered into a settlement of the adversary proceeding, but the parties were delayed in presenting the Settlement Agreement to the Court because of a dispute which arose between ComBanc and Magna over the ownership of the Feldman Judgment. According to ComBanc, the Magna Stipulation served to memorialize the understanding between the parties that ComBanc held title to the Feldman Judgment at the time it appeared in this proceeding and continues to hold such title, subject to Magna's claim for damages.

25. The Debtors have opposed entry of the Settlement Agreement, alleging that ComBanc was not a creditor of the Debtors as of the petition date and ComBanc will not hold title to the Feldman Judgment unless and until ComBanc satisfies the judgment issued by the Maryland District Court on the conversion claim. Therefore, ComBanc did not have standing to bring the action under Section 727 of the Bankruptcy Code and the adversary proceeding should be dismissed.

26. Magna has filed a Declaration dated June 29, 1998, in which counsel to Magna states that ComBanc has no right or claim to the proceeds of the Feldman Loan or judgment against FRMC and the Debtors and any payment thereon or related thereto must be paid to Magna, and the purpose of the Magna Stipulation was to clarify that Magna did not object to ComBanc pursuing its claim objecting to the Debtors' discharge.

## DISCUSSION

The two issues the Court must decide is whether ComBanc had standing to commence this adversary proceeding against the Debtors and, if ComBanc did not have standing, whether the adversary proceeding must be dismissed as a matter of law. To answer these questions, the Court turns to the relevant sections of the Bankruptcy Code. Pursuant to section 727(c)(1) of the Code, "[t]he trustee, a creditor, or the United States trustee may object to the granting of a discharge ..." Section 101(10) of the Code defines "creditor" as an "entity that has a claim against the debtor that arose at the time of

or before the order for relief concerning the debtor." "Claim" is defined as follows:

(A) right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured; or

(B) right to an equitable remedy for breach of performance if such breach gives rise to a right to payment, whether or not such right to an equitable remedy is reduced to judgment, fixed, contingent, matured, unmatured, disputed, undisputed, secured or unsecured. . . .

As the Bankruptcy Code makes clear, a party commencing an adversary proceeding under section 727 of the Code must be a creditor of the debtor as of the petition date.

▉ In this case, ComBanc did obtain an assignment of the Feldman Judgment from RTC prior to the petition date. However, before the petition was filed, Magna had already commenced its action against ComBanc seeking, *inter alia*, a judgment against ComBanc for the conversion of the Feldman Judgment. Indeed, the Maryland District Court had stated in a decision granting partial summary judgment to Magna for an accounting that the loan assets belonged to Magna. However, the question of which party was entitled to the Loan Assets remained at issue in the Maryland case, and was ultimately decided after Magna made another motion for summary judgment on the remainder of the counts. The second motion for summary judgment resulted in the decision by the Maryland District Court on January 23, 1998. Therefore, at the time that the complaint was filed in the Bankruptcy Court, the rights of the parties in and to the Feldman Judgment were unresolved and subject to a dispute before the Maryland District Court.

▉ This dispute was resolved by the Maryland District Court in its decision of January 23, 1998. The finding by the District Court that ComBanc converted the Feldman Judgment gives rise to the issue of whether the converted asset belonged to ComBanc or Magna as of the petition date. Under Maryland state law, a wrongdoer who commits the tort of conversion becomes the owner of the asset converted, and is liable to the original owner in damages for the fair market value of the asset. Title to the asset passes to one who converts another's property only after both the entry of a judgment upon an action for conversion and satisfaction of the judgment. *See Staub v. Staub*, 37 Md.App. 141, 144, 376 A.2d 1129, 1132 (1977); *Hepburn v. Sewell*, 5 H. & J. 211, 9 Am.Dec. 512 (1821). Since entry of a judgment against ComBanc has yet to take place, let alone satisfaction of any judgment, Magna was as of the petition date, and continues to be, the lawful owner of the Feldman Judgment.

The Magna Stipulation does not change the fact that title to the Feldman Judgment vests in Magna. However, the Magna Stipulation clarifies that Magna did not object to ComBanc pursuing this adversary proceeding in essence, acting on its behalf since any monetary judgment flowing from this adversary proceeding would either inure to the benefit of Magna directly, or ComBanc would pay over the proceeds to Magna as part of the satisfaction of the judgment to be rendered against ComBanc in the Maryland District Court action.

▉ Given that hindsight revealed that ComBanc lacked standing to bring the adversary proceeding, the Debtors urge the Court to dismiss the adversary proceeding in its entirety. However, such relief is not warranted in this case.

Bankruptcy Rule 7017, which makes rule 17(a) of the Federal Rules of Civil Procedure ("Fed.R.Civ.P.") applicable in adversary proceedings, requires that an action be brought by the real party in interest. Rule 7017(a) provides in relevant part:

No action shall be dismissed on the grounds that it is not prosecuted in the name of the real party in interest until a reasonable time has been allowed after objection for ratification of commencement of the action by, or joinder or substitution of, the real party in interest; and such ratification, joinder or substitution shall have the same effect as if the action had been commenced in the name of the real party in interest.

Fed.R.Civ.P. Rule 17(a) was amended in 1966 to add the final sentence that substitution shall have the same effect as if the action had been originally commenced in the name of the true party in interest to bring the Rule in conformity with existing practice. *In re Wilson Foods Corp.*, 45 B.R. 776, 778 (Bankr. W.D.Okla.1985). As indicated in the advisory committee notes to this rule "The provision should not be misunderstood or distorted. It is intended to prevent forfeiture when determination of the proper party to sue is difficult as when an understandable mistake has been made." Fed.R.Civ.P. advisory committee note (1966 amendment). "The purpose of this 'exception' to the requirement that all actions be prosecuted in the name of the real party in interest is therefore not to create new substantive rights, but to avoid forfeiture in situations in which it is unclear at the time the action is filed who had the right to sue and it is subsequently determined that the right belonged to a party other than the party that instituted the action." *Del Re v. Prudential Lines, Inc.*, 669 F.2d 93 (2d Cir. 1982), cert. denied, 459 U.S. 836, 103 S.Ct. 81, 74 L.Ed.2d 77 (1982).

In this case, it was unclear at the time that the adversary proceeding was filed that ComBanc did not have the right to commence the action under section 727 of the Bankruptcy Code. The Maryland District Court was not called on to decide the issue of ownership of the Feldman Judgment until the second motion for summary judgment was made by Magna in the Maryland action, on the eve of approval by this Court of the Settlement Agreement. The Court does not find that ComBanc's actions in filing this adversary proceeding were inappropriate given the stage of the litigation taking place in the Maryland District Court.

Although Magna is the appropriate beneficiary of this adversary proceeding, both Magna and ComBanc share an identity of interests in this action, which is to preserve the rights of the owner of the Feldman Judgment in the Debtors' bankruptcy case. To decide otherwise would result in a windfall to the Debtors, at the expense of Magna. Therefore, the Court shall permit Magna to substitute itself in place of ComBanc *or* to ratify the actions taken by ComBanc in this adversary proceeding, including the entry of the Settlement Agreement with the Debtors.

CONCLUSION

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334(b). This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2)(J).

2. Due to the outcome of the Maryland action, ComBanc does not have standing to continue this adversary proceeding as ComBanc is not a creditor of the Debtors.

3. ComBanc's actions in this adversary proceeding shall be preserved for the benefit of Magna, as the true party in interest, pursuant to Bankruptcy Rule 7017(a). Magna shall advise the Court within ten days of entry of an order memorializing this decision as to whether Magna shall be substituted in place of ComBanc or whether Magna wishes to ratify ComBanc's actions in this adversary proceeding. In the event Magna chooses ratification, the Court shall approve the Stipulation of Settlement. To foreclose these options to Magna would result in an unfair forfeiture by Magna, given the state of confusion over which party was entitled to the Feldman Judgment as of the date the adversary proceeding was commenced.

4. The Debtors' request to dismiss the adversary proceeding is denied.

Settle an Order in accordance with this decision.